**WALLACE et al. v. COMMISSIONERS' COURT OF MADISON COUNTY et al.**

**(No. 314.)**

(Court of Civil Appeals of Texas. Waco. Feb. 11, 1926. Rehearing Denied March 11, 1926.)

**1. Counties ☞47 — Commissioners'· court is creature of state Constitution, with powers limited by Constitution and laws (Const. art. 5, § 18).**

Commissioners' court is created by Const. art. 5, § 18, and its powers are limited by Constitution and laws of Legislature.

**2. Counties ☞195—Commissioners' court has no power to transfer money from one fund to another (Const. art. 11, § 7; Rev. St. 1925, arts. 1626, 1628).**

Under Const. art. 11, § 7, prohibiting creation of ·debt by commissioners' court, unless provision is made for its payment, and Rev. St. 1925, arts. 1626, 1628, requiring treasurer to place funds of county to credit for which it was collected, commissioners' court has no power to transfer money from any one of said·funds to another.

**3. Counties ☞195—Commissioners' court has no power to divert any part of constitutional funds to create abstract, map and plat system fund (Rev. St. 1925, arts. 7260, 7261, 7344).**

In view of Rev. St. 1925, arts. 7260, 7261, commissioners' court has no power to divert any part of constitutional funds to create an abstract, map and plat system fund; method of having plat and block map made being provided by article 7344.

**4. Counties ☞113(1)—Commissioners' court has no authority to contract for making of delinquent tax list (Rev. St. 1925, arts. 7263, 7271).**

Commissioners' court has no authority to contract for making of abstract of property assessed for delinquent taxes, in view of Rev. St. 1925, arts. 7263, 7271, making it duty of tax collector to prepare list of delinquent taxes.

**5. Counties ☞195—Commissioners' .court has no power to use delinquent taxes to pay for making of abstract of property on which taxes were delinquent, for plat system of county lands, and report on delinquent taxes (Rev. St. 1925, arts. 7263, 7271, 7319–7345; Vernon's Sayles' Ann. Civ. St. 1914, art. 7707, having been repealed).**

Under Rev. St. 1925, arts. 7319–7345, respecting collecting of delinquent taxes and articles 7263, 7271, providing for preparation of annual delinquent tax list by tax collector, the commissioners' court has no power to use entire delinquent taxes for making of abstract of property assessed on which taxes were delinquent, complete plat, or block map of county, and report on delinquent taxes; Vernon's Sayles' Ann. Civ. St. 1914, art. 7707, having been repealed.

**6. Counties ☞195—Commissioners' court authorized to contract for plat book or abstract of delinquent taxes, the expenses which are to be paid by county, has no power to· pay expenses by taxes belonging to any except general fund.**

Where law authorizes commissioners' court to contract for preparation of a map or plat book or abstract of delinquent taxes, and requires expenses thereof to be paid by county, commissioners' court does not have power to use either current or delinquent taxes belonging to any except general fund to pay such expenses.

**7. Counties ☞195—Commissioners' court cannot use state funds or constitutional or special bond funds to pay for collection of delinquent taxes (Rev. St. 1925, art. 7335).**

Rev. St. 1925, art. 7335, providing that commissioners' court may employ attorney to collect delinquent taxes, if county attorney fails to do so, and that delinquent taxes may be used to pay for abstract of property, does not authorize commissioners' court to use state funds or constitutional or special bond funds for such purpose.

**8. Counties ☞116—Parts of contract for abstract of property and plat system not requiring technical knowledge must ·be submitted for competitive bidding (Rev. St. 1925, art. 2368).**

Parts of contract for abstract of property assessed on which taxes are delinquent and for plat or block map of county lands and for report on delinquent taxes not requiring. technical knowledge are controlled by Rev. St. 1925, art. 2368, requiring county contracts for over $2,000 to be submitted to competitive bidding.

**9. Counties ☞196(3)—Resident taxpayer may sue to enjoin commissioners' court and county officer from performing illegal contract.**

Resident taxpayers of county may sue on behalf of all other taxpayers to enjoin commissioners' court and county officer from carrying into effect an illegal contract.

Appeal from District Court, Madison County; Carl T. Harper, Judge.

Suit by George F. Wallace and others to enjoin the Commissioners' Court of Madison·

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

County and others from carrying out and enforcing a certain contract. From an order dissolving a temporary injunction, plaintiffs appeal. Reversed, and temporary writ of injunction continued in force until further order of the district court.

J. M. Brownlee, of Madisonville, and F. L. Henderson, of Bryan, for appellants.

A. J. Harper, W. M. Harris, and Byron A. Jordan, all of Dallas, for appellees.

BARCUS, J. On August 10, 1925, the commissioners' court of Madison county entered into a contract with appellees A. O. and M. W. Harper, composing the partnership of Harper & Harper under the terms of which said appellees promised and agreed to perform the following services: (1) To make a complete abstract of property assessed or unknown and unrendered upon which taxes were delinquent in Madison county from 1908 to 1925, inclusive; (2) to make a complete map and plat system or block map of all the lands of Madison county; (3) to make a complete plat or block map of all blocks and subdivisions of the cities and towns in Madison county; (4) to make a correct and proper description of all land and subdivisions and tracts and parcels of land and blocks in Madison county; (5) where it was, in their opinion, necessary, they agreed to make a survey of any tract or parcels of land in Madison county in order to ascertain both the description and the amount of land contained therein; (6) to make a complete report to the commissioners' court showing the excess of lands in surveys in the county that had not been rendered for taxes; (7) they were to ascertain the amount of delinquent taxes due by each individual taxpayer on each separate tract or parcel of land.

All of said work was to be completed within 12 months from the date of the contract. In consideration for the services to be rendered in the performance of the provisions of the above contract, the commissioners' court of Madison county under the contract was to pay Harper & Harper the first $7,500 that was collected from delinquent taxes in Madison county, regardless of the source from which the delinquent tax came, except the school tax, and, in addition thereto, was to pay them 25 per cent. of the total of all delinquent taxes that might be collected at any time on delinquent taxes due from the year 1885 to and including 1925, and were to have all of the delinquent taxes, except school tax, set aside in a separate fund to be known as "Abstract, Map and Plat System Fund—Class A," from which fund the warrants provided for in the contract should be paid as rapidly as the funds accumulated. The commissioners' court of Madison county, under the terms of said contract, were to issue and deliver to Harper & Harper 15 warrants of $500 each, due in 24 months, aggregating $7,500, and payable from the total of the first collection of delinquent taxes, penalties, and interest, and to further issue to said Harper & Harper warrants in the denomination of $500 each on the 1st of each month, beginning with September 1st, equalling 20 per cent. of the total amount of delinquent taxes certified to be due and collectable by the tax collector of Madison county, to be due 24 months after date and bear 6 per cent. interest.

This was an injunction suit instituted by appellants, as resident taxpayers, for themselves and all other taxpayers in Madison county, seeking to enjoin Harper & Harper, the commissioners' court, and the county treasurer of Madison county from carrying out or enforcing said contract and to declare same null and void. Appellants contend that said contract is void and unenforceable: (1) Because it is in violation of sections 6 and 7 of article 11 of the state Constitution, in that it seeks to create a debt for other purposes than current expenses, without providing a separate tax and fund from which to meet same; (2) that the contract is in violation of article 2368 of the Revised Statutes, in that it was not let after due advertisement and bids; (3) because the commissioners' court had no authority in law to make said contract and appropriate the delinquent taxes to pay therefor, as is attempted under its provisions.

Appellants presented their application to the district judge in vacation, and he granted a temporary injunction, and, on motion duly filed in vacation by the defendants, the temporary injunction was dissolved, and it is from said order this appeal is prosecuted.

[1-3] The commissioners' court is a creature of the state Constitution and its powers are limited and controlled by the Constitution and the laws as passed by the Legislature. Article 5, § 18, state Constitution; Baldwin v. Travis County, 88 S. W. 480, 40 Tex. Civ. App. 149; Seward v. Falls County, (Tex. Civ. App.) 246 S. W. 728; Bland v. Orr, 39 S. W. 558, 90 Tex. 492. The commissioners' court cannot create any debt, unless provision is made at the time of creating same for levying and collecting a sufficient tax to pay the interest thereon and provide at least 2 per cent. as a sinking fund. Article 11, § 7, state Constitution. Under articles 1626 and 1628 of the statutes, it is provided that all claims against the county shall be registered in three separate classes, and the treasurer is required to place the funds of the county to the credit of the respective fund for which it was collected. The commissioners' court has no power to transfer money from any one of said funds to any other. Commissioners' Court of Henderson County v. Burke (Tex. Civ. App.) 262 S. W. 94; Carroll v. Williams, 202 S. W. 504, 109 Tex. 155. The county tax collector for each county is, under articles 7260 and 7261 of the

statutes, required to make monthly reports and remit all state taxes collected to the state treasurer and the county taxes to the county treasurer. The commissioners' court has no power to divert any part of the constitutional funds provided by law and thereby create an "Abstract, Map and Plat System Fund-Class A," as attempted under the contract. Article 7344 of the Revised Statutes provides a method by which the commissioners' court, if it deems proper, may have a plat and block map made of the lands situated in the county. The expense therefor, however, under the plain provisions thereof, must be paid for by the county.

[4] Under the provisions of articles 7263 and 7271 of the Revised Statutes, it is made the duty of a tax collector to prepare a list of delinquent taxes for each current year and report same to the commissioners' court and to the state comptroller, before he can obtain credit on his annual report, and, under said statute, it will be the duty of the tax collector of Madison county to make said list for the year 1925 and submit same under the provisions thereof, and the commissioners' court of Madison county was not authorized to contract for some one to perform said duty in the place of the duly appointed tax collector. Stringer v. Franklin County, 123 S. W. 1168, 58 Tex. Civ. App. 343.

[5] The Legislature, since 1895, at different times, has attempted to pass adequate laws for the collection of delinquent taxes. The salient features thereof underwent radical changes in 1915 and again in 1923. They are now embraced in articles 7319 to 7345, inclusive, of the Revised Statutes. Under the provisions of article 7321, it is made the duty of the commissioners' court to have prepared by the tax collector, at the expense of the county, a complete list of all delinquent taxes since the 1st of January, 1885. In the case of Stringer v. Franklin County, supra, it was held that the commissioners' court had a right to employ some one besides the tax collector to perform said services because of the provision therein which gives the commissioners' court the right to compensate the tax collector for said services. It was held in said case, however, that the commissioners' court has no authority to employ any one to do the work that the law requires the tax collector to do and for which the law fixes his compensation. Under article 7331, the Legislature has provided that, for preparing the annual delinquent list as required by articles 7263 and 7271, the tax collector shall be paid a fixed, named additional compensation.

[6] Where the law authorizes the commissioners' court to make contracts with parties to prepare a map or plat book or an abstract of delinquent taxes, and requires the expenses thereof to be paid for by the county, the commissioners' court does not have the power to use either the current or delinquent taxes belonging to any except the general fund to pay the expenses thereof. Commissioners' Court of Henderson County v. Burke, supra.

[7] The statutes make it the duty of the county attorney to file suits for delinquent taxes, and provide extra compensation for his services in collecting same. Under article 7335 of the Revised Statutes, it is provided that, if the county attorney fails to file said suits within 30 days after he has received written notice from the commissioners' court to file same, the commissioners' court may then employ an attorney to collect the delinquent taxes on a percentage basis, and provides that the county court may pay for an abstract of property assessed or unknown and unrendered, and pay therefor from the delinquent taxes collected on said land. This article, however, does not authorize the commissioners' court to use the state funds or constitutional or special bond funds for said purpose. Stringer v. Franklin County, supra. Article 7707 of the Vernon's Sayles' 1914 Statutes did provide that the comptroller could join with the commissioners' court and made a contract authorizing the use of 15 per cent. of the state's funds for said purpose, but that article was, by the 1915 Legislature, specifically repealed.

Clearly the commissioners' court has no power to use the entire delinquent taxes for each of the purposes named in the contract. We think the contract involved herein was and is unauthorized by law and that the commissioners' court of Madison county has no authority to use the delinquent tax funds as collected in the manner provided therein.

[8] Under article 2368, it is provided that no contract for over $2,000 shall be let without competitive bids. This statute has been held by our courts in Hunter v. Whiteaker (Tex. Civ. App.) 230 S. W. 1096, not to apply where the work required demands technical skill or knowledge. Some of the things embraced in the contract in this case would perhaps require technical knowledge and some would not, and those that do not would be controlled by said statute. Limestone County v. Knox (Tex. Civ. App.) 234 S. W. 131.

[9] Appellees contend that appellants have no right to maintain this suit. This contention has been decided adversely to appellees. City of Austin v. McCall, 68 S. W. 791, 95 Tex. 565; Tullos v. Church (Tex. Civ. App.) 171 S. W. 803; Terrell v. Middleton (Tex. Civ. App.) 187 S. W. 367.

The only evidence offered on the hearing of the motion to dissolve the injunction, as shown by the record, was the contract as made between Madison county and Harper & Harper, together with the order of the commissioners' court approving same. Under the Constitution and laws of this state, the commissioners' court was without power to make said contract, and the trial court was in error in dissolving the temporary writ of injunction.

The judgment of the trial court in dissolving same is reversed, and said temporary writ of injunction is hereby continued in force until the further order of the district court of Madison county.