

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN
~~XXXXXXXXXX~~ON
ATTORNEY GENERAL

Hon. E. W. Easterling                    February 11, 1939
County Attorney
Jefferson County
Beaumont, Texas

Dear Sir:            Opinion No. O-244
                    Re:  Whether Commissioners' Court has
                         the power to make a contract for
                         the county for printing and sta-
                         tionery supplies?

        Your request for an opinion on the above stated ques-
tion has been received by this office.

        A county has power to bind itself by contract
and may be liable for breach of contract; the authority
to contract on behalf of the county is vested alone in
the Commissioners' Court in the absence of statutes
authorizing some other agent to contract and if an agree-
ment is not made through or sanctioned by said agency,
it binds neither the county nor the individual.  Coryell
County vs. Burke & Corbett, 4 SW (2nd) 283; Sparks vs.
Kaufman County, 104 SW 605; Presidio County vs. Clarke,
85 SW 475.

        As stated in the cases, Moore vs. McLennan
County et al, 275 SW 478; Wallace et al vs. Commissioners'
Court of Madison County et al, 281 SW 593; 15 SW (2nd)
535, the Commissioners' Court can exercise only those
powers conferred by the Constitution and statutes of this
State.

        Articles 2358, 2359, 2360, 2361, 2362, 2363,
2364, 2365, 2366 and 2367 read as follows:

        "Art. 2358.  May contract for supplies.
        The commissioners court by an order enter-
        ed of record, may contract as hereinafter pre-
        scribed, with some suitable person or persons
        to supply the county with blank books, all
        legal blanks and stationery as may be required
        by law to be furnished the county officials.

        "Art. 2359.  Bids advertised

The commissioners court shall advertise, at least once in every two years, for sealed proposals to furnish blank books, legal blanks, stationery and such other printing as may be required for the county for the term of such contract, and shall receive separate bids for the different classes hereinafter designated. Such advertisement shall be made by the county clerk, who shall notify by registered letter, each newspaper and job printing house in the county, and at least three stationery and printing houses in the State, of the time said contract is to be awarded, and of the probably amount of supplies needed.

"Art. 2360. New bids advertised for
Should supplies furnished by the successful bidder not be of the quality designated and provided for, then the commissioners court may declare such contract null and void, and from time to time advertise for sealed proposals as in the first instance, rejecting any or all bids as often as they may deem best.

"Art. 2361. Preference to local citizens
All things being equal, contracts must be awarded to a citizen or taxpayer of the county in which the contract is let.

"Art. 2362. Stationery classified
The stationery shall be divided into four classes: Class "A" shall embrace all blank books and all work requiring permanent and substantial binding. Class "B" shall embrace all legal blanks, letter heads and other printing, stationery and blank papers. Class "C" shall embrace typewriter ribbons, pens, ink, mucilage, pencils, penholders, ink stands and ware of like kind. Class "D" poll tax receipts and all election supplies of whatever nature and description, not furnished by the State. Each and every bid shall be upon a particular class, separate and part from any other class. To the lowest bidder on each class shall be awarded the contract for all work of that class.

"Art. 2363. Bond with bid.
Each bid shall be accompanied by a bond of the bidder, with two or more good and sufficient sureties, conditioned that, should the contract

be awarded to him he will without delay, upon
being notified of such award, enter into a
written contract, according to law and with his
proposal, and will give such bond as may be re-
quired for the faithful performance of said con-
tract.

"Art. 2364.  Unlawful interest in contract
No member of the commissioners court or any
county officer shall be, either directly or in-
directly, interested in any such contract.

"Art. 2365.  Contract made in open court
All contracts shall be made in open court,
with the lowest bidder, and all bids shall be
spread in full on the minutes of the court.

"Art.  2366.  Contract and bond
The successful bidder shall enter into a
written contract with the court, and shall give
bond in the sum of two hundred and fifty dollars
for each class or contract, to be approved by
the county judge, conditioned for the faithful
compliance with his bid and with the law, and
shall be made payable to the county judge or his
successors in office.

"Art. 2367.  Affidavit with bid
The manager, secretary or other agent or
officer of the bidder shall attach to each bid
an affidavit to the effect that affiant has full
knowledge of the relations of the bidder with
the other firms in the same line of business and
that the bidder is not a member of any trust, pool
or combination of any kind and has not been for
six months last past, directly or indirectly con-
cerned in any pool or agreement or combination to
control the price of supplies bid on, or to in-
fluence any person to bid or not to bid thereon."

In view of the foregoing authorities, you are respect-
fully advised that it is the opinion of this Department that
the above quoted statutes specifically authorize the Commis-
sioners' Court to contract for the county for printing and
stationery supplies in the manner as prescribed in the fore-
going articles.

Trusting that the foregoing answers your inquiry, we
remain

Very truly yours

ATTORNEY GENERAL OF TEXAS


By s/Ardell Williams
    Ardell Williams
    Assistant

AW:AW:wc

APPROVED:
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS