

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Chas. F. Hemphill
County Auditor
Upton County
Rankin, Texas

Dear Sir:

Opinion No. 0-5048
Re: Under the facts submitted
is the contract made be-
tween Upton County and a
bonding company legal and
binding upon the County,
and a related question?

Your letter of January 12, 1943, requesting the opinion of this department on the questions stated therein, reads as follows:

"On April 13, 1942, the Commissioners Court of Upton County entered into an agreement with Rauscher, Pierce & Company of Dallas, Texas whereby said Raucher, Pierce & Company was to fund all General and Road and Bridge Warrants which were unpaid, due to lack of funds, into funding bonds; for which the above bonding company was to receive a fee of 6% of all warrants so funded. Expenses of printing and of obtaining opinion as to the legality of the bonds was to be paid by Rauscher, Pierce & Company. The estimated amounts to be funded were $45,000 for the General Fund and $45,000 for the Road and Bridge Fund, No warrants were funded for the year until September 18, 1942 when the Court advertised that $32,807.76 of General Fund Warrants and $18,119.66 of Road and Bridge Warrants were to be funded on November 9, 1942. In accordance with the contract dated April 13, 1942 said bonds were to bear interest at the rate of 4% and were to mature in a period of not over six years. This intention referred to Chapter 163 of the Acts of the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Regular Session of the 47th Legislature, House
Bill 153. These bonds were never issued due to
the fact that an injunction suit was filed in
the District Court which restrained the Commis-
sioners from issuing such bonds. It appears
that quite a large number of warrants which
were to have been included in the funding deal
were issued illegally.

"I will appreciate your opinion on the
following:

"1. Is the contract dated April 13, 1942
(which was never advertised nor submitted to
competitive bidding) legal and binding upon the
Court.

"2. Will the warrants, which are outstand-
ing, be a legal indebtedness of the County if
it is found that they were illegally issued, and
could payment on same be refused upon presenta-
tion."

Apparently you raise the question as to the valid-
ity of the contract under consideration because such con-
tract was not let by competitive bids. We do not have be-
fore us the contract mentioned in your letter, therefore, we
express no opinion as to the validity of such contract, ex-
cept that contracts of the nature involved in this case in-
volving special skill and experience, are not within the
contemplation of the statute as to competitive bids. (Gulf
Bitulithic Company v. Nueces County, 11 S. W. (2d) 305;
Houston v. Potter, 91 S. W. 389; Hunter v. Whiteaker, 203
S. W. 1096; Douglas v. Myrick, 159 S. W. 422; Gibson v.
Davis, 236 S. W. 202; Tackett v. Middleton, 280 S.W. 289;
Wallace v. Commissioners' court, 281 S. W. 593; Roper v.
Hall, 280 S. W. 289; City of Houston v. Glover, 89 S. W. 426;
Article 2368a, Vernon's Annotated Civil Statutes; Texas
Jurisprudence, Volume 11, page 642.)

It is stated in Texas Jurisprudence, Volume 11,
page 642:

"The statute requiring that contracts shall
be let by competitive bids is construed as apply-
ing only to work which is competitive in its
nature; it does not control the commissioners'

court in contracting for services requiring special skill, ability, or technical learning. However, it has been intimated that a contract with architects for plans and services in superintending the erection of a building is within the terms of the statute. . . ."

In view of the foregoing you are respectfully advised that it is our opinion that the above mentioned contract is not invalid because it was not let by competitive bids. In other words, contracts involving special skill, ability, or technical learning are not within the contemplation of the statute as to competitive bids. The fact that the contract under consideration was not let by competitive bids does not invalidate it.

With reference to your second question you are advised that if the outstanding warrants mentioned by you, were illegally issued, such warrants are void and not a valid obligation against the county. However, it is to be understood that we express no opinion as to the validity of such warrants since we have no information whatsoever pertaining to such warrants. In connection with what we have heretofore said, we feel it proper to state that we express no opinion as to the liability of the county to pay a reasonable value for the services, goods or merchandise or whatever was obtained by the county by reason of said warrants.

In connection with your second question and what we have heretofore said we direct your attention to our opinions Nos. O-2880 and O-4558, copies of these opinions are enclosed herewith.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

ASSISTANT
ATTORNEY GENERAL

AW:db

Enclosures



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN