

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. Sam J. Hamilton
District Attorney
100th Judicial District
Memphis, Texas

Dear Sir:

> Opinion No. 0-7169
> Re: Does the commissioners court have
> the authority to make adjustment of
> the taxes due the State and county
> on property being held for the benefit
> of other taxing units, during the two
> year period of redemption?

We acknowledge receipt of your request for an opinion, reading as follows:

"The city of Memphis filed suit on certain property situated in Memphis to foreclose its tax lien securing the delinquent taxes due it. The State, County and school district were impleaded. All taxing units answered and set up their respective claims. All the taxes accrued upon the unrendered roll, that is the property was not rendered but was assessed on the unrendered rolls of the respective taxing units. Judgment was rendered in favor of the several taxing units, the property sold under the foreclosure proceedings and the property was bid in by the State for the benefit of all taxing units because the property did not sell for the amount of the judgment. The two year period for redemption of the judgment has not expired but the owner of the property has conveyed his right of redemption to a third party who desires to pay off the tax judgment providing an adjustment of the State and county taxes can be had. During the two year period the property is being held by the State for the benefit of the other taxing units, does the commissioners court have authority to make adjustment of the taxes due the State and county upon the unrendered roll after the judgment has been entered, the property sold and bought in by one of the taxing units for the benefit of the other taxing units?"

Hon. Sam J. Hamilton, page 2

In the case of Wallace et al. v. Commissioners' Court of Madison County et al., 281 S. W. 593, the Court of Civil Appeals, in an opinion by Judge Barcus, said:

"The commissioners' court is a creature of the state Constitution and its powers are limited and controlled by the Constitution and the laws as passed by the Legislature. Article 5, §18, state Constitution; Baldwin v. Travis County, 88 S. W. 480, 40 Tex. Civ. App. 149; Seward v. Falls County, (Tex. Civ. App.) 246 S. W. 728; Bland v. Orr, 39 S. W. 558, 90 Tex. 492. . . ."

Sec. 18 of Art. 5 of the State Constitution reads as follows:

". . . Each county shall in like manner be divided into four commissioners' precincts in each of which there shall be elected by the qualified voters thereof one county commissioner, who shall hold his office for two years and until his successor shall be elected and qualified. The county commissioners so chosen, with the county judge, as presiding officer, shall compose the County Commissioners Court, which shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed."

Sec. 18 of Art. 8 of the State Constitution reads as follows:

"The Legislature shall provide for equalizing, as near as may be, the valuation of all property subject to or rendered for taxation, (the County Commissioner's Court to constitute a board of equalization); and may also provide for the classification of all lands with reference to their value in the several counties."

The statutory grant of power to the commissioners court based upon the two constitutional provisions cited above is found in Title 44 (Articles 2339 to 2372h) and Articles 7206, 7211 and 7212 of Title 122 of V. A. C. S.

Article 7206 provides that "each commissioners court shall convene and sit as a board of equalization," prescribing the time and duties.

Hon. Sam J. Hamilton, page 3

Articles 7211 and 7212 provide for equalization of assessments by the board of equalization and set out the duties of the commissioners court while sitting as a board of equalization.

Article 7205 of V. A. C. S. provides for assessment of property not rendered. All such assessments are subject to action thereon by the board of equalization.

In the case of Clawson Lumber Co. v. Jones, Sheriff and Tax Collector, 49 S. W. 909, the Court of Civil Appeals, in passing upon a matter involving taxes upon property "unrendered" on the tax rolls, and in spite of the commissioners court having made an order reducing the valuation of the property from $66,325.00 to $44,075.00 the tax collector refused to accept the taxes on the reduced valuation and refused the demand for a receipt, said:

"After the approval of the roll by the board of equalization, it had no further jurisdiction in the matter, and the order of the commissioners court made Feb. 21, 1898, reducing the assessment was void for want of authority in the court to make the order."

In the case of Chicago, R. I. & G. Ry. Co. v. State et al., 241 S. W. 255, the Court of Civil Appeals said:

". . . By express terms of the statute, when a question of valuation for taxation has been once regularly referred to the proper county board of equalization, the valuation of that tribunal is 'final.' After the tax rolls are made up in accordance with the 'final' review and action of that tribunal and are certified by such board, their jurisdiction over that property for assessment purposes for that year is legally ended."

In the case of Landman v. State, 97 S. W. (2d) 264, the Court of Civil Appeals said:

"Commissioners' courts can exercise only such powers as the Constitution or the Legislature specifically confers upon them, Constitution, art. 5, § 18; Bland v. Orr, 90 Tex. 492, 39 S.W. 558; Mills County v. Lampasas County, 90 Tex. 603, 40 S.W. 403, . . ."

Hon. Sam J. Hamilton, page 4

Not only does the Constitution fail to grant any authority which would authorize the commissioners court to make an "adjustment" (we take it for granted the party really wants a "reduction") of the State and county taxes, i. e., the tax judgment against the property in question, but the Constitution has other limitations against the Legislature releasing payment of or extinguishing any taxes, indebtedness, liability or obligation of any corporation or individual to this State or any county or defined subdivision thereof, or other municipal corporation therein, towit:

Sec. 10, Art. 8, of the State Constitution reads as follows:

"The Legislature shall have no power to release the inhabitants of, or property in, any county, city or town from the payment of taxes levied for State or county purposes, unless in case of great public calamity in any such county, city or town, when such release may be made by a vote of two-thirds of each House of the Legislature."

Sec. 55 of Art. 3 of the State Constitution reads as follows:

"The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liability or obligation of any corporation or individual, to this State or to any county or defined subdivision thereof, or other municipal corporation therein, except delinquent taxes which have been due for a period of at least ten years."

The 46th Legislature passed H. B. No. 456, Sec. 1 of which is Art. 7345d, V. A. C. S., reading as follows:

"In all cases where property appearing on the tax rolls, whether rendered or unrendered, current or delinquent, appears to have been assessed at a valuation greater than that placed upon other property in such locality of similar value, or out of proportion to the taxable value of such property; or where by reason of the depreciation in the value of such property an adjustment of assessed value would be equitable and expedient; or where by reason of long delinquency, the accumulated delinquent taxes, with penalties, interest, and cost aggregate such amount as to make their collection inequitable or confiscatory, the Commissioners Court

of the county in which such property is situated, upon the application of the owner thereof or his duly authorized agent, shall have the power to reopen and reconsider the original assessments. In all such cases, the Commissioners Court shall hear testimony from competent and disinterested witnesses, and may make such personal and independent investigation as may seem necessary and expedient. If, after such investigation it shall appear to the Commissioners Court that such assessments were discriminatory, or out of proportion to the taxable value of the property, or that by reason of the depreciation of value of same, or that the enforced collection of the accumulated delinquent taxes, penalties, interest, and costs would be inequitable or confiscatory, the Commissioners Court may, under its power as a Board of Equalization, make such adjustments as to assessed values of such property as it may determine to be equitable and just. And any previous fixing of values of such property for the years involved shall not be 'res adjudicata' as to the particular case.

"Provided, that the State Comptroller shall be furnished with a certified copy of any order passed in pursuance hereof, as shall likewise the County Assessor-Collector of Taxes, who shall make the necessary correction of his rolls. Provided further, that nothing herein shall be construed as authorizing the Commissioners Court to remit any penalty, interest, or costs that have accrued, but all such penalty, interest, and costs shall be collected on the adjusted assessment as may be authorized by existing law."

Sec. 2 of said H. B. No. 456 is Art. 7345d-1, which makes the above quoted section applicable to all other taxing units having power to levy and collect taxes.

On Dec. 1, 1944, this Department, in an exhaustive opinion, No. O-6257, rendered to the County Auditor of Dallas County, held Article 7345d, V.A. C. S. unconstitutional as being in violation of Sec. 10, Art. 8, and Sec. 55, Art. 3 of the State Constitution, hereinbefore quoted. Art. 7345d was Sec. 1 of H. B. No. 456, Acts of the 46th Legislature, 1939. By it the Legislature attempted to confer upon the commissioners courts authority which is not conferred upon the Legislature itself, and which the Constitution forbids, i. e., reducing or

Hon. Sam J. Hamilton, page 6

canceling in part assessments would have the effect of remitting and releasing taxes which were assessed according to law. May we add that in the case cited by you, the party seeking the "adjustment" was the grantee of the owner of the property to whom the taxes were legally assessed. Not only were such taxes legally assessed without objection on the part of such owner, but the tax lien created by such assessment and tax levy having been foreclosed, the judgment of the district court would, if reduction of same was made, be set aside by the commissioners court, when the former has supervisory power over the latter. If such procedure be permitted, nothing but endless confusion would result.

You are therefore respectfully advised that in view of the constitutional provisions, statutes and authorities hereinbefore cited, it is our opinion that your question should be, and is, answered in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Jos. V. Frnka
Assistant

APPROVED APR 10 1946

ATTORNEY GENERAL OF TEXAS

JVF:AMM


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN