**COMMISSIONERS' COURT OF HENDERSON COUNTY et al. v. BURKE et al.**
**(No. 146.)**

(Court of Civil Appeals of Texas. Waco. April 10, 1924. Rehearing Denied May 22, 1924.)

1. Counties ⊜196(3)—Illegal transfer of funds by commissioner's court being apprehended, injunction properly granted at taxpayer's suit.

An injunction was properly granted in taxpayer's suit against commissioner's court, where there was reasonable apprehension that illegal practice of transferring or diverting funds as convenience or necessity required would probably be resorted to in future.

2. Counties ⊜195—Statute permitting transfer of funds applies only to special funds.

Rev. St. art. 1440, permitting commissioner's court to transfer money from one fund to another, applies only to special funds created by law, and not to funds created by Const. art. 8, § 9.

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Counties ⬤⟶195 — Commissioner's court cannot transfer funds from one constitutional fund to another.**

Commissioner's court, which levied taxes at maximum rate allowed by Const. art. 8, § 9, for general purposes, for roads and bridges, for juries, and for permanent improvements, cannot transfer money from one fund to another.

Appeal ·from District Court, Henderson County; Ben F. Dent, Judge.

Suit by W. E. Burke and others against the Commissioners' Court of Henderson County and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

See, also, 255 S. W. 793.

E. A. Landman, Sam Holland, and W. D. Justice, all of Athens, for appellants.

A. B. Culbertson, of Athens, for appellees.

GALLAGHER, C. J. This is a suit instituted in the district court of Henderson county, Tex., by W E. Burke, appellee herein, against the commissioners' court of Henderson county and the several members thereof, appellants herein. Appellee sued as the owner of property in said county subject to taxation. He filed his original petition on the 27th day of September, 1923, and trial was had, evidently by agreement of all the parties, on the same day. While various forms of relief were sought by appellee in this suit, the only relief accorded to him by the judgment was an injunction in terms as follows:

"The defendant commissioners' court are prohibited and enjoined and restrained from transferring either of the constitutional funds, to wit, the general fund, the road and bridge fund, the jury fund, the permanent improvement fund, one to the other."

Appellants present said judgment for review by this court.

[1] The commissioners' court of Henderson county, in August, 1923, levied taxes at the maximum rate allowed by section 9 of article 8 of the state Constitution for general purposes, for roads and bridges, for juries, and for permanent improvements, respectively. For many years prior to the date of said trial the commissioners' court of said county had from time to time transferred moneys from one of said constitutional funds to another as they deemed. proper or expedient. Such transfers had been made during the year 1923. In addition to actual transfers so made, transfers in effect were made to and including September 11, 1923, by the action of the court in allowing claims properly. chargeable to and payable out of one of such funds and ordering such claims paid and causing them to be paid out of another of such funds. There was no af-firmative evidence that future transfers or diversions of said funds, or any of them, had been actually determined upon, but the county judge in his testimony, disclaiming any purpose to make such transfers in the future, limited such disclaimer to the existence of such purpose at the time of trial. Without discussing the evidence in detail, we think it is sufficient to show a reasonable apprehension that the practice of transferring or diverting such funds as convenience or necessity might require had not been absolutely abandoned, but that the same would probably be resorted to in the future. Such evidence was, in our opinion, sufficient to support the action of the court in granting the injunction under consideration.

The effect of the·findings of fact made by the trial court is to hold that the taxes levied by the commissioners' court of said county for the year of 1923 were levied in the exercise of sound discretion on the part of said court, and that such levies were and are proper and lawful. Appellants contend that the limitations and restrictions imposed by section 9 of article 8 of the Constitution apply only to the levy of such taxes. They further contend that, in the absence of proof that the amount levied for any such fund was known to be in excess of the ·needs of the county for such purpose, and that such levy was made at the time with the purpose and intent of diverting the proceeds, or a part thereof, to some other fund or purpose, the transfer of any surplus in any such fund to some other county fund in need of such aid was proper and lawful, and that such transfers are expressly authorized by the provisions of article 1440 of the Revised Statutes.

·Said section 9, art. 8, of the Constitution is a limitation upon the taxing power of the respective counties. It prescribes the maximum rate which may be levied for general purposes, for roads and bridges, for juries, and for permanent improvements, respectively. The funds arising from taxes levied and collected for each of said purposes, respectively, are the constitutional funds enumerated in and affected by the injunction granted in the judgment in this case. Said article 1440 of the Statutes, so far as applicable, is as follows:

"The commissioners' court shall have power, by· an order to that effect, to transfer the money in hand from one fund to another, as in its judgment is deemed necessary and proper."

The issues involved in the contention so urged by appellants were before the Supreme Court in the case of Carroll v. Williams, 109 Tex.·155, 202 S. W. 504. The Supreme Court in that case held, in line with a part of appellants' contention, that where the

amount of the tax levied for any of said constitutional purposes was not fixed and levied in good faith and for expenditure for the purposes for which it was professedly levied, but with the intention of transferring the same to another fund, such attempted transfer would be unlawful and should be restrained by injunction. Such, however, was not the only holding by the court in that case. It further held that said section of the Constitution was designed, not only to limit the amount of taxes which might be levied by any county for the several purposes therein enumerated, but was also designed to limit the amount to be expended for such purposes, respectively. We quote excerpts from the opinion in that case, which, taken together, announce the rules of law applicable in the decision of the case under consideration, which excerpts are as follows:

"Going to the real gist of the main issue before us, section 9 of article 8 of our state Constitution, supra, inhibits any and all transfers of tax money from one to another of the several classes of funds therein authorized, and, as a sequence, the expenditure, for one purpose therein defined, of tax money raised ostensibly for another such purpose. The immediate purpose in so prescribing a separate maximum tax rate for each of the classes of purposes there enumerated is, no doubt, to limit, accordingly, the amount of taxes which may be raised from the people, by taxation, declaredly for those several purposes or classes of purposes, respectively—but that is not all; the ultimate and practical and obvious design and purpose and legal effect is to inhibit excessive expenditures for any such purpose or class of purposes. By necessary implication said provisions of section 9 of article 8 were designed, not merely to limit the tax rate for certain therein designated purposes, but to require that any and all money raised by taxation for any such purpose shall be applied, faithfully, to that particular purpose, as needed therefor, and not to any other purpose or use whatsoever. Those constitutional provisions control, not only the raising, but also the application, of all such funds; and such is the legal effect of articles 2242 and 7357, supra [R. S.], when properly construed and applied.

"True, the Constitution does not say, in so many words, that money raised by a county, city or town, by taxation for one such purpose shall never be expended for any other purpose —not even for another of the five general classes of purposes defined and approved in said section 9—but that, we think, is its plain and certain meaning and legal effect. The very definitions of those several classes of purposes, and the declaration of authority to tax the people therefor, respectively, coupled, as they are, in each instance, with a limitation of the tax rate for that class, must have been predicated upon the expectation and intent that, as a matter of common honesty and fair dealing, tax money taken from the people ostensibly for one such specified purpose shall be expended, as needed, for that purpose alone, as well as that the tax rate for that particular class, in any one year, shall not exceed the prescribed maximum.

"Conversely, and upon a like course of reasoning, it must have been intended that expenditures for any such designated purpose shall never include tax money in excess of the proceeds of the maximum tax rate prescribed by the Constitution for that purpose. * * *

"No implied power to transfer money from one to another such constitutional fund is derived from the fact that the original fund contains more than enough to meet the current demands against it. Such excess may be retained in that fund, and applied in succeeding years to the very purpose for which it was raised, thereby possibly reducing the future tax rate for that purpose. * * *

"Taxes levied ostensibly for any specific purpose or class of purposes designated in section 9 of article 8, supra, must be applied thereunto, in good faith; and in no event and under no circumstances may there be expended, legally, for one such purpose or class of purposes, tax money in excess of the amount raised by taxation declaredly for that particular purpose or class of purposes. But this rule would not prevent the proper expenditure, for such purpose or purposes, of any unexpended balance in the corresponding fund brought over from any previous year or years."

[2] The court in that case further held that the provisions of article 1440 above quoted apply to special funds created by law only, and that such article has no application to constitutional funds and can in no way justify a transfer from one such fund to another such fund.

[3] The case of Carroll v. Williams controls the disposition of this case. The action of the court in granting an injunction perpetually restraining appellants from transferring money from one of such constitutional funds of said county, as aforesaid, to another such fund, was justified by the facts proved and the law so declared by the Supreme Court. Carroll v. Williams, supra; Sanders v. Looney (Tex. Civ. App.) 225 S. W. 280.

The judgment of the trial court is affirmed.