## UNDERWOOD v. HOWARD, County Judge, et al. (No. 2920.)

Court of Civil Appeals of Texas. Amarillo. Nov. 30, 1927.

1. Counties ⊂=165—Commissioners' court cannot contract to pay warrants, issued for making abstract of delinquent tax property, except from general fund portion (Const. art. 8, § 9; Rev. St. 1925, arts. 1625, 1627, 1628, 7254).

Under Const. art. 8, § 9, and Rev. St. 1925, arts. 1625, 1627, 1628, 7254, commissioners' court held unauthorized to contract to pay warrants, issued for making abstract of property on which taxes were delinquent, out of all delinquent taxes collected, except the portion of such taxes belonging to the general fund of the county, since the court could not appropriate state taxes, jury fund, road and bridge fund, and any improvement fund included in such delinquent taxes to discharge an obligation payable only out of the general fund.

2. Counties ⊂=168(3)—Warrants, issued for making plat system, payable from delinquent taxes belonging to general fund, should not be given preference (Rev. St. 1925, art. 1625).

Warrants issued for making map and plat system for county and payable from delinquent taxes collected belonging to the general fund of the county should be presented and registered under Rev. St. 1925, art. 1625, as a claim against the general fund, but should not be given preference over a claim registered prior to the registration of such warrants.

3. Counties ⊂=149—Contract providing for paying warrants from taxes already assessed held not contrary to constitutional provision against incurring debt without providing for payment (Const. art. 11, § 7).

Contract between commissioners' court and another, providing for paying warrants for making map and plat system for county from delinquent taxes collected, held not contrary to Const. art. 11, § 7, prohibiting county from incurring debt without making provision for levying and collecting tax to pay interest and to provide sinking fund, since delinquent taxes had previously been properly assessed and levied.

Appeal from District Court, Childress County; C. C. Small, Judge.

Injunction suit by W. L. Underwood against W. B. Howard, County Judge, and others, wherein R. B. De Witt intervenes. Judgment for defendants and intervener, and plaintiff appeals. Reversed, with instructions.

Clifford Davis, of Childress, for appellant.

JACKSON, J. This is an injunction suit instituted in the district court of Childress county, Tex., by the appellant, W. L. Underwood, a resident taxpayer of said county, to enjoin the appellees, W. B. Howard, county judge, J. T. Preston, Wyatt Smith, J. F. Kindle, and L. L. Foreman, county commissioners, and J. J. Albright, county treasurer, respectively, of said county, from complying with the terms and paying the moneys as stipulated in an alleged illegal contract entered into on August 12, 1926, by and between the commissioners' court, as first party, and R. B. De Witt, as second party.

The provisions of the contract material to a consideration of this appeal, read:

"First party agrees to employ and does hereby employ second party to make a complete abstract of property assessed or unknown and unrendered for the purposes of taxation, and upon which taxes are delinquent; that said abstract shall cover all delinquent taxes of every character from 1908, to and including February 1, 1927, and which shall include all taxes assessed and delinquent for said period of time.

"For said services, second party, in making said abstract of property assessed or unknown and unrendered under this paragraph of this contract, second party shall be paid a per cent. of all delinquent taxes of every character, except the county general fund delinquent taxes, from January 31, 1908, to and including February 1, 1927, equal to ($16,000.00) sixteen thousand dollars, which compensation shall be particularly for the services of preparation of abstract of property assessed or unknown or unrendered as provided by chapter 21, Acts 3d Called Sess. Thirty-Eighth Leg. 1923 (R. S. 1925, art. 2335). To evidence the obligations of said county for the service of second party, under this paragraph of this contract, and to enable second party to properly perform said contract, first party shall, from time to time, issue to said second party, warrants to be denominated 'Childress County Abstract Map and Plat Warrants, Series,' to be in the denomination of $500 each, and which warrants shall be delivered to second party as the work is performed and materials furnished under this contract. Said warrants shall be issued in an amount not to exceed $16,000, and shall be drawn in form satisfactory to second party, and shall bear date as of even date herewith, and said warrants shall mature on or before May 1, 1928, shall bear interest at the rate of 6 per cent. per annum, from date until paid, interest payable May 1, 1927, and semiannually thereafter.

"And for the payment of said warrants issued hereunder, second party shall and may look only to state and county delinquent taxes due and to be collected from and after the date hereof

(except county general fund delinquent taxes), and to secure the payment of said warrants issued under this paragraph of this contract, it is agreed that all delinquent taxes (except county general fund delinquent taxes) shall be set aside and placed in a separate fund for said purposes; and for the purposes of determining the powers of first party, and in fixing the rights of second party under this paragraph of this contract, there is hereto attached and marked 'Exhibit A,' a certificate of the comptroller of public accounts, Austin, Tex., showing the amount of the delinquent taxes due and owing to the several funds.

"First party agrees to employ and does hereby employ second party to make a complete map and plat system for Childress county, showing each and every tract, lot, or parcel of land numbered, and showing the contents of each and every tract, lot, or parcel of land and the record owner of same on January 1, 1927.

"For said services of said second party for making said map and plat system, second party shall be paid a per cent. of the county general fund delinquent taxes from January 31, 1908, to and including February 1, 1927, equal to $9,-000, which compensation shall be particularly for the services of preparation of said map and plat system as provided by article 7344, Rev. Civ. St. 1925.

"To evidence the obligation of said county for the services of second party under this paragraph of this contract, and to enable second party to properly perform said contract, first party shall, from time to time, issue to said second party warrants, to be denominated 'Childress County Abstract Map and Plat Warrants, Series B,' to be in the denomination of $500 each, and which warrants shall be delivered to second party as the work is performed and materials furnished under this contract. Said warrants shall be issued in an amount not to exceed $9,000, and shall be drawn in form satisfactory to second party, and shall bear date of even date herewith, and said warrants shall mature on or before May 1, 1928, shall bear interest at the rate of 6 per cent. per annum from date until paid, interest payable May 1, 1927, and semiannually thereafter, and for the payment of said warrants issued hereunder second party shall and may look only to the general county fund delinquent taxes, due and to be collected from January 1, 1908, to and inclusive of February 31, 1927; and all such delinquent taxes collected shall be set aside and placed in a separate fund for said purpose."

Each of the series of warrants was to be numbered consecutively and paid in the respective order of their numbering.

The contract obligates the second party to do the work in a skillful manner, complete and copy it into a permanent book within twelve months from the date of the contract, and furnish the county attorney or other attorney employed by the commissioners' court all necessary information to enable such officer or attorney to reduce to judgment all delinquent taxes of Childress county, in which collections are not made without suit.

The petition for injunction urges numerous reasons for the invalidity of the contract, all of which may be considered under the general proposition that the commissioners' court was without authority, under the Constitution and laws of this state, to bind the county for the payment of the warrants out of the funds designated and set apart therefor in said contract for the discharge and satisfaction of said warrants. A temporary restraining order was granted on said petition on February 26, 1927.

On June 2, 1927, during the May term of the district court of Childress county, the defendants answered and moved the court to dissolve the temporary restraining order, and R. B. De Witt, by leave of the court, intervened, also asking a dissolution of the temporary injunction, and after a hearing on the merits, the court dissolved the restraining order theretofore issued; from which action of the court this appeal is prosecuted.

The case is before us without briefs for any of the parties.

On the testimony, the court, in the findings of fact found in the record, finds, in effect, that the price agreed to be paid for the services contracted for was not excessive; that the contract was duly entered into between the commissioners' court of Childress county and R. B. De Witt; that R. B. De Witt has fully completed the maps, plats, and abstracts, and that the taxes from the collection of which the warrants are to be paid had been, before the execution of the contract, levied and assessed, and constituted delinquent taxes in a sum greatly in excess of the amount evidenced by the warrants.

The stipulations of the contract set out above, relative to making an abstract of the property of Childress county subject to the payment of delinquent taxes, provide that the county is to pay for such service $16,000, for which warrants in the sum of $500 each shall be issued, and that such warrants shall be designated, "Childress County Abstract, Map, and Plat Warrants, Series ———," and that said warrants shall be paid out of the state and county delinquent taxes due and collected after the date of the contract, and that all the delinquent taxes so collected shall be set aside and placed in a separate fund for the payment of said warrants, except that portion of said delinquent taxes collected which belong to and constitute a part of the general fund of the county.

These stipulations apply to the payment of said warrants all the delinquent taxes collected until said warrants, with interest thereon, are paid, except that part of said delinquent taxes belonging to the general fund of the county, and hence, the contract appropriates to the payment of said warrants the state taxes, the jury fund, the road and bridge fund, any permanent improvement funds, etc., which are included in and constitute a part of said delinquent taxes.

The Constitution of this state, article 8, §

9, limits not only the amount of funds to be raised by taxation, but also restricts the expenditure of the funds so collected to the payment of the respective obligations for which such funds are created and prohibits the expenditure of money raised by taxation belonging to one fund to the payment of an obligation of the county payable out of another of such funds, and the commissioners' court is without authority to transfer money from one fund designated by the Constitution to another of the funds provided for therein.

The tax collector shall collect and place the taxes to the proper fund and pay the same to the proper authorities, as collected. Article 7254, R. C. S. 1925. Article 1628, R. C. S. 1925, provides for the classification of county funds, and articles 1625 and 1627, R. C. S., provide for the registration and payment of claims by the county treasurer.

[1] The commissioners' court was not authorized to contract for the payment of the $500 warrants aggregating not to exceed $16,000, with interest thereon, out of all the delinquent taxes collected, except the portion of said delinquent taxes belonging to the general fund of the county, as this was obviously an attempt to appropriate the state taxes, the jury fund, the road and bridge fund, and any improvement fund included in said delinquent taxes to the discharge of an obligation payable only out of the general fund. Carroll v. Williams, 109 Tex. 155, 202 S. W. 504; Commissioners' Court of Henderson County v. Burke (Tex. Civ. App.) 262 S. W. 94; Wallace et al. v. Commissioners' Court of Madison County et al. (Tex. Civ. App.) 281 S. W. 593.

We are not to be understood, however, as holding that said warrants issued for the payment of the making of the abstract of the property of Childress county are null and void, but our conclusion is that the commissioners' court was without authority to set aside and place in a separate fund, for the payment of said warrants, all the delinquent taxes collected, belonging to said several constitutional funds, except that portion thereof belonging to the general fund. Austin Bros. v. Patton et al. (Tex. Com. App.) 288 S. W. 182.

[2] The stipulations in the contract above quoted, relative to the making of "a complete map and plat system for Childress county," for the sum of $9,000, to be evidenced by warrants in the sum of $500 each, provide, in effect, that said warrants shall be paid only out of the delinquent taxes collected belonging to the general fund of said county, all of which is set aside and placed in a separate fund for the purpose of paying said warrants issued for the service of making said map and plat system. Under the statute, these warrants should be presented and registered as a claim against the general fund of the county and paid in the order in which they are registered, but should not be given a preference over a claim payable out of the general fund registered prior to the registration of said warrants. Article 1625, R. C. S.

[3] Inasmuch as the contract provided that the second party could only collect said warrants out of the funds accumulated from the collection of delinquent taxes and said taxes had theretofore been properly assessed and levied, the contract did not create a debt in violation of article 11, § 7, of the Constitution of the state, which prohibits a county from incurring any debt without making provision, at the time of creating the debt, for levying and collecting a sufficient tax to pay the interest thereon and provide a sinking fund therefor.

The judgment is reversed, with instructions to the trial court that the appellees be enjoined from paying said warrants prior to other obligations of the county of the same class registered prior to the registration of said warrants, and to enjoin the payment of said warrants out of the moneys derived from the collection of taxes, the use and appropriation of which are restricted by the Constitution to the payment of certain designated obligations incurred by the county.