

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN

JOHN BEN SHEPPERD
ATTORNEY GENERAL

AUSTIN 11, TEXAS

April 19, 1939

Honorable Lewis M. Williams
District Attorney
50th Judicial District
Benjamin, Texas

Dear Sir:

Opinion No. O-601
Re: Whether the commissioners'
court can legally transfer
money from the jury fund into
the general fund

Your request as contained in the first paragraph of
your letter of March 31, to which the above opinion number has
been assigned, has received the attention of this Department.
Your request reads as follows:

"If a County has $9,320.49 in the Jury fund, and
are badly in need of cash in their general fund, would
it be legal for them to transfer a part of the jury fund
to the general fund, provided they did not transfer
enough to impair the jury fund for twelve months."

Article 8, Section 9 of the Constitution of Texas,
and its relevant provisions, reads as follows:

"The State tax on property, exclusive of the tax
necessary to pay the public debt, and of the taxes pro-
vided for the benefit of the public free schools, shall
never exceed thirty-five cents on the one hundred dollars
valuation; and no county, city or town shall levy more
than twenty-five cents for city or county purposes, and
not exceeding fifteen cents for road and bridges, and
not exceeding fifteen cents to pay jurors, on the one
hundred dollars valuation, * * *."

Article 1630, Revised Civil Statutes, 1925, reads
as follows:

"The commissioners' court by an order to that effect
may transfer the money in hand from one fund to another,
as it may deem necessary and proper, except that the
funds which belong to class first shall never be diverted
from the payment of the claim registered in class first,
unless there is an excess of such funds."

The above quoted provision of the Constitution is a limitation upon the taxing powers of respective counties of the State (Articles 2352-7048, Revised Civil Statutes, 1925). A Maximum of fifteen cents to pay jurors, on the one hundred dollars valuation is prescribed and the power to transfer moneys so raised by taxation from this fund to another is not aided or controlled by having an excess in such fund or by the fact that a rate less than the maximum rate permitted by the Constitution was used in making the levy.

In the case of Carroll v. Williams, County Treasurer, 202 S. W. 504, the Supreme Court of Texas definitely held that the jury fund and other constitutional funds therein designated composed of funds raised by taxation could not be legally transferred from one to another, and that Article 1630, supra, has application to special funds created by statute and was not applicable to constitutional funds. The Court went further and held in the Carroll case that the above section of the Constitution not only placed a limitation on the amount of taxes which might be levied by any county for the purposes therein enumerated, but also designated and placed a limitation on the amount to be expended, in that taxes raised for one purpose therein defined could not be expended for any other purpose.

We respectfully refer you to the opinion in the Carroll case, supra, a portion of which opinion you will recall, is set forth in the case of Henderson County v. Burke, 262 S.W. 94, to which you refer in your letter.

It is, therefore, the opinion of this Department that a transfer of funds raised by taxation from the jury fund to the general fund, is inhibited by Article 8, Section 9 of the Constitution of Texas; both being constitutional funds, Article 1630, Revised Civil Statutes, 1925, is not applicable.

Yours very truly
ATTORNEY GENERAL OF TEXAS

s/ William J. R. King

By

William J. R. King
Assistant

APPROVED:
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

WJRK:LM/cg