The Attorney General
of Texas
Austin 11, Texas
Gerald C. Mann



Hon. C. Woodrow Laughlin　　　Opinion No. O-3890
County Attorney　　　　　　　Re: Does the Commissioners' Court
Jim Wells County　　　　　　　of Jim Wells County have authority
Alice, Texas　　　　　　　　　to <u>expend Permanent Improvement
Funds for establishing, maintain-
ing and operating a "bookmobile"
library as discussed in opinion No.</u>
Dear Sir:　　　　　　　　　　<u>O-3055?</u>

　　　　Your letter of August 22, 1941, requesting an opinion
of this department upon the above stated question has been re-
ceived.

　　　　In the above mentioned letter you refer to opinion No.
O-3055, and we quote from your letter as follows:

　　　　"Supplementing the above opinion, I would like
to have included in your opinion the question as to
whether or not Jim Wells County has the authority
to expend funds as therein set out, out of the Perma-
nent Improvement Fund?"

　　　　In opinion No. O-3055 the following question was pre-
sented to this department for an opinion:

　　　　"Does the Commissioners' Court of Jim Wells County
have authority to expend funds for establishing, main-
taining and operating a bookmobile library?"

　　　　It was stated in the above mentioned opinion:

　　　　"We think that it is apparent from the above
quoted provision of <u>Article 1678</u>, supra, that the
county library must be located at the county seat
and in the courthouse, unless more suitable quarters
are available. In other words, we think that the
Legislature intended that the county free library
should be located at the county seat in the court-
house, unless as above stated, more suitable quar-
ters are available, meaning that if more suitable
quarters are available within the county seat, then
the county free library could be located at such
quarters and not in the courthouse.

"Under Title 35, Vernon's Annotated Civil Statutes, relative to county free libraries, the Commissioners' Court of any county is authorized to establish and maintain the county free library and branches or subdivisions thereof. We do not think that the Commissioners' Court of any county has the authority to expend funds for establishing, maintaining and operating a 'bookmobile library' in lieu of the regular county library which is to be established at the county seat. However, if the county has established and is maintaining and operating a county free library at the county seat of such county, then, we think the Commissioners' Court is authorized to expend funds for establishing, maintaining and operating a 'bookmobile library' as a branch or subdivision thereof."

The first legislative act authorizing free libraries to be established was passed by the 34th Legislature, Acts of 1915, in Chapter 117, page 175 of the General Laws of Texas. This was entitled an act "to establish, maintain, operate, equip and disestablish county free libraries and county circulating libraries for the use of the citizens of this State. . ." This act has undergone subsequent revisions with the last revision being Acts of 1919, 36th Legislature, found incorporated under Title 35, Articles 1677-1696, Vernon's Annotated Civil Statutes. It is unnecessary to set forth herein all of the above articles under Title 35, pertaining to the subject. However, we direct your attention to Article 1679, Vernon's Annotated Civil Statutes, which reads as follows:

"After a county free library has been established, the commissioners court shall annually set aside from the general tax fund of the county, a sum sufficient for the maintenance of said library, but not to exceed five cents on the hundred dollars valuation of all property in such county outside of all incorporated cities and towns already supporting a free public library, and upon all property within all incorporated cities and towns already supporting a free public library which have elected to become a part of such free library systems provided in this title for the purpose of maintaining county free libraries and for purchasing property therefor."

This department held in opinion No. 0-696 that the Commissioners' Court is not authorized to pay for library books purchased under the provisions of Articles 1677-1696, inclusive, Revised Civil Statutes of Texas, 1925, out of the public building and improvement funds.

This department held in opinion No. O-2538 "that if Llano County should levy five cents for a county library said amount of five cents would come from the twenty-five cent levy allowed for the general fund and thus would leave twenty cents on the one hundred dollar valuation for the general fund."

We enclose copies of the two above mentioned opinions for your information.

Section 9 of Article 8 of the State Constitution prescribes the maximum rate of taxes for general purposes, for roads and bridges, for juries, and for permanent improvements, respectively. The monies arising from taxes levied and collected for each of the enumerated purposes are constitutional funds; and the Commissioners' Court has no power to transfer money from one fund to another, nor to expend for one purpose tax money raised ostensibly for another purpose. The immediate purpose for the provision is to limit the amount of taxes that may be raised for these several purposes, respectively; but it is also designed to inhibit excessive expenditures for any such purpose, and to require that any and all monies raised by taxation for any purpose shall be applied to that particular purpose. (See Carroll v. Williams, 202 S.W. 504; Commissioners Court of Henderson County v. Burke, 262 S.W. 94; Texas Jurisprudence, Vol. 11, p. 609 and authorities cited therein.)

Article 1679, supra, specifically provides that the Commissioners' Court shall annually, after the county free library has been established, set aside from the general tax fund of the county, a sum sufficient for the maintenance of said library not to exceed five (5¢) cents on the One Hundred ($100.-00) Dollars valuation of all property located as to certain territorial limits defined therein. Other provisions under Title 35 are further made for a gift and bequest for the benefit of the library or for any branch or subdivision thereof.

It is clear that under the provisions of Article 1679, supra, that the cost of maintaining and operating a county free library or any branch or subdivision thereof must be paid for out of the general fund of the county. We do not think that the term "bookmobile library" is broad enough to come within the term of permanent improvement as used in the Constitution or statutes applicable thereto. Therefore, it is the opinion of this department that the costs incurred in the establishing or purchasing a "bookmobile library", as discussed in opinion No. O-3055, and the expenses incurred in maintaining and operating the same, cannot be paid out of the permanent improvement fund.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams
Ardell Williams, Assistant

APPROVED SEP 8, 1941
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

AW:GO:wb

ENCLOSURE

APPROVED: OPINION COMMITTEE
BY:      BWB, CHAIRMAN