

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN                    AUSTIN 11, TEXAS
XXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable M. S. Ryan
County Auditor
Webb County
Laredo, Texas

Dear Sir:                         Opinion No. 0-4813
                                  Re: Money in jury fund cannot
                                      be transferred to other fund.

        Your request for opinion has been received and
carefully considered by this department.  We quote from
your request as follows:

        "Reference is made to Article 1630,
    R.C.S., Texas, 1925, relative to transfer
    of funds.

        "In our Jury Fund we have an excess of
    funds over what will be needed for its expense
    and we wish to transfer a certain amount to
    other funds.  I have been told we cannot do
    that.

        "We are on a cash basis and my understand-
    ing is that we can legally transfer to other
    funds any excess over what our expense would
    be."

        Section 9, Article 8 of the Texas Constitution,
prescribes the maximum rate of taxes for general purposes,
for roads and bridges, for juries and for permanent im-
provements, respectively.  The moneys arising from taxes
levied and collected for each of the above named purposes
are constitutional funds.

        Article 1630, Vernon's Annotated Texas Civil
Statutes, cited by you in your letter, applies to statu-
tory funds and does not apply to constitutional funds
such as the jury fund.  The courts have repeatedly held
that the Commissioners' Court has no authority to transfer
money from one to another constitutional fund, or to
expend, for one purpose, tax money raised ostensibly for

another purpose. The immediate purpose of the constitutional provision (Article 8, Section 9) is to limit the amount of taxes that may be raised for the several purposes set out therein, respectively, and is also designed to inhibit excessive expenditures for any of such purposes and to require that any and all monies raised by taxation for any purpose shall be applied to that particular purpose and no other. See the following authorities:

Carroll v. Williams, 202 S.W. 504

Ault v. Hill County, 116 S.W. 359

Henderson County v. Burk, 262 S.W. 94

11 Tex. Jur., pp. 609-10-11

We respectfully advise that a transfer of funds raised by taxation from the jury fund to another fund of the county is prohibited by Article 8, Section 9 of our State Constitution.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF:GO:am

APPROVED SEP 4, 1943

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE

By /s/ B.W.B.
Chairman