

# THE ATTORNEY GENERAL

## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

~~XXXXXXXXXXXXXXXX~~D
ATTORNEY GENERAL

Hon. E. L. Shelton
County Auditor
Johnson County
Cleburne, Texas

Dear Sir:

Opinion No. O-4781

Re: Commissioners' Court may not expend county funds from the permanent improvement fund of the county for office rentals and utility bills for relief agencies and other stated projects.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"We have an account which we designate as Court House & Jail Repair Fund which is nothing more nor less than a permanent improvement fund. As auditor of the county I have strictly adhered to charging nothing to this fund except those items which go to keep the Court and Jail in good condition and a sufficient tax has always been levied to do this.

"With the losses from the Officers Salary fund which is a draught on the General Fund and with the increased charity demands the Commissioners Court have just continually kept piling items on the General Fund until it is getting in bad shape and soon will be beyond any redemption.

"Recently while meeting with the Court this question was raised: increase the levy on the Court House and Jail Repair Fund or Permanent Improvement Fund, as you may desire to call it, and charge all rents which the County is paying for all charity projects to this fund since the County has not sufficient room to house the H.K.A. the Food Stamp Office and the Welfare Office and the N.Y.A. and all other such charities which the County has undertaken to underwrite. I hold that these items cannot be charged to the Court House & Jail Fund or Permanent Improvement Fund as they are foreign to it, but I meet with opposition on the ground that the Court House should house all these projects and since it is not large enough and outside space

has to be provided that it should be determined as part of an improvement.

"I have been told that there is no law against it. In this connection I have read somewhere, it occurs to me, that the higher courts have held that if there is no law authorizing an action that it is unlawful to do it. Am I right or wrong? If I am right is there any law authorizing any such expenditures? Can such items as designated above along with utility bills for such charities be charged to the Court House & Jail Fund?"

Section 1, Article 2372e, Vernon's Annotated Texas Civil Statutes, provides:

"The County Commissioners Courts and the City Commission of any incorporated town or city of this State are hereby authorized to lease, rent, or provide office space for the purpose of aiding and cooperating with the agencies of the State and Federal Governments engaged in the administration of relief to the unemployed or needy people of the State of Texas, and to pay the regular monthly utility bills for such offices, such as lights, gas, and water; and when in the opinion of a majority of a Commissioners Court of a county such office space is essential to the proper administration of such agencies of either the State or Federal Governments, said Court is hereby specifically authorized to pay for same and for the regular monthly utility bills for such offices out of the County's General Fund by warrants as in the payment of such other obligations of the county." (Underscoring ours)

Opinion No. O-2217 (Conference Opinion No. O-3099) of this department construes the above quoted statute. We quote from said opinion as follows:

"....

"You will note that the authority extended by the preceding article is limited to the provision of office space for the purpose of aiding and cooperating with the agencies of the State and Federal Government engaged in the administration of relief of the unemployed and needy people of the State of Texas. As to Federal agencies so engaged, your fourth question and that part of the second relating

to utility bills is answered in the affirmative.
A commissioners' Court could not extend such as-
sistance to any Federal or State agency not so
engaged."

In our Opinion No. O-3876 we quoted the above por-
tion of Opinion No. O-2217 (Conference Opinion No. O-3099).
In Opinion No. O-3876 we also said:

". . . .

"We do not have sufficient information rela-
tive to the Farm Security Administration and NYA
home to determine whether or not such Federal
agencies are engaged in the administration or re-
lief of the unemployed and needy people of this
State, and the answer to these questions will be
determined by the facts.

"Our information relative to the Federal School
Lunch Project is meagre.  However, we understand
that the purpose of the Federal School Lunch Project
is to provide meals for needy children; if this be
true we think the Commissioners' Court would have au-
thority to pay office rent, lights, gas and water
bills for such Federal agency.

"It is our opinion that the Commissioners' Court
would have authority to pay office rent, gas, light
and water bills for the Relief Office.

"It is our further opinion that the Commission-
ers' Court would have authority to pay the expenses
described for the County Agricultural Agent's of-
fice under authority of Article 164, Vernon's Anno-
tated Texas Civil Statutes.  See opinion No. O-2516
of this department, a copy of which is enclosed here-
with for your information, which opinion also holds
that the Commissioners' Court is not authorized to
expend county funds for the housing of the Agricul-
tural Adjustment Administration of the Federal Gov-
ernment.

"We understand that the Agricultural Adjust-
ment Administration of the Federal Government is not
engaged in the administration of relief of the unem-
ployed and needy people of this State.  It is there-
fore our opinion that the Commissioners' Court would
have no authority to expend county funds for office
rent, lights, gas and water bills of the AAA."

Article 2372e, Section 1, V.A.C.S., supra, provides for the payment by the county, of rents and utility bills of Federal and State agencies engaged in the administration of relief of the unemployed and needy people of this state, out of the general fund of the county.

Section 9, Article 8 of our State Constitution prescribes the maximum rate of taxes for general purposes, for roads and bridges, for juries and for permanent improvements, respectively. The monies arising from taxes levied and collected for each of the enumerated purposes are constitutional funds; and the commissioners' court has no power to transfer money from one fund to another, and to expend for one purpose tax money raised ostensibly for another purpose.

The immediate purpose of said constitutional provisions are to limit the amount of taxes that may be raised for these general purposes, respectively; but it is also designed to inhibit excessive expenditures for any such purpose, and to require that any and all monies raised by taxation for any purpose shall be applied to that purpose and to no other. See the following authorities:

Carroll vs. Williams, 202 S.W. 504;
Commissioners' Court of Henderson County
    vs. Burke, 262 S.W. 94:
Ault vs. Hill County, 116 S.W. 359;
Underwood vs. Howard, 1 S.W. (2nd) 730;
Texas Jurisprudence, Vol. 11, p. 609.

The courthouse and jail fund is the permanent improvement fund, or at least, constitutes a portion thereof, which is a constitutional fund.

We quote from Texas Jurisprudence, Vo. 11, pp. 564 and 565, as follows:

"Commissioners' courts are courts of limited jurisdiction, in that their authority extends only to matters pertaining to the general welfare of their respective counties and that their powers are only those expressly or impliedly conferred upon them by law, -- that is, by the Constitution and statutes of the State."

It is our opinion that you are eminently correct in your interpretation of the powers of the Commissioners' Court. As pointed out above in the quotation from Texas Jurisprudence, the Commissioners' Court is a court of limited jurisdiction and

Hon. E. L. Shelton, page 5     (O-4781)


can only perform acts that are authorized by law. It is an
erroneous doctrine, and one opposed by all the Texas deci-
sions on the subject, to say that a Commissioners' Court can
do anything that the law does not specifically prohibit it
from doing.

          We agree with you that the items stated in your let-
ter cannot be paid from  the courthouse and jail fund.

          May we also point out, as held in Opinions No. O-
2217 (Conference Opinion No. O-3099) and No. O-3876, copies of
which are enclosed for your information, that the authority
of the Commissioners' Court to expend county funds out of the
general fund of the county for office rent and utility bills
for State and Federal agencies is limited to those State and
Federal agencies engaged in the administration of the relief
of the unemployed and needy people of the State.

                              Very truly yours

                              ATTORNEY GENERAL OF TEXAS

                              By /s/ Wm. J. Fanning
                              Wm. J. Fanning, Assistant

APPROVED AUG 28, 1942
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:       BWB, CHAIRMAN

WJF:MBR:wb