

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GROVER SELLERS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

Hon. E. L. Hinson, Jr.      Opinion No. O-6655
County Auditor          Re:  (1)  Maximum salary of the depu-
Polk County            ties of the sheriff of Polk County.
Livingston, Texas           (2)  Authority of the county to
pay for equipping a county garage for
the repairs of its equipment out of
Dear Sir:             the permanent improvement fund.

     Your letter of June 8, 1945, requesting an opinion from this department is, in part, as follows:

     "What is the maximum salary of the deputies of the sheriff of Polk County with the population of the county 20,250 and the valuation $13,000,000 and the county is operating under the Officers Salary Law?

     "Can the county pay for equipment, tools, and other items for equipping a county garage for the repairs of its equipment, road maintainers, out of the Permanent Improvement Fund?

     ". . . ."

     Since Polk County has a population of less than 25,000 inhabitants the salary of the deputies of the sheriff of Polk County is governed by Section 1 of Article 3902. Section 1 of Article 3902 is as follows:

     "1.  In counties having a population of twenty-five thousand (25,000) or less inhabitants, first assistant or chief deputy not to exceed Eighteen Hundred ($1800.00) Dollars per annum; other assistants, deputies or clerks not to exceed Fifteen Hundred ($1500.00) Dollars per annum each."

     Senate Bill 123, Acts of the 49th Legislature, Regular Session, 1945, amends Article 3902 as follows:

     ". . . .

     "Sec. 2.  That Article 3902, Revised Civil Statutes of Texas, 1925, as amended, be and the same is hereby amended by adding thereto the following:

"'9. The Commissioners Court is hereby author-
ized, when in their judgment the financial condition
of the county and the needs of the deputies, assist-
ants and clerks of any district, county or precinct
officer justify the increase, to enter an order in-
creasing the compensation of such deputy, assistant
or clerk in an additional amount not to exceed twenty-
five (25%) per cent of the sum allowed under the law
for the fiscal year of 1944, provided the total com-
pensation authorized under the law for the fiscal
year of 1944 did not exceed Thirty-six Hundred
($3600.00) Dollars.'

"....."

In answer to your first question it is the opinion of
this department that the maximum salary allowed the chief deputy
sheriff of Polk County is $1,800.00 per annum plus the 25% in-
crease allowed by Section 2 of Senate Bill 123, Acts of the 49th
Legislature, Regular Session, 1945. The maximum salary allowed
other deputies of the sheriff of Polk County is $1,500.00 per
annum plus the 25% increase allowed by Section 2 of Senate Bill
123, supra. In connection with the foregoing we wish to point
out our Opinion No. O-6576 wherein it states as follows:

".... Any increase of salary for the year
1945 must be in the proportion as the balance of the
year relates to the total annual increase that may be
made under said Act. In other words, if . . . the in-
crease in compensation is allowed as of June 1st, then
the increase for 1945 would be 7/12ths . . . The com-
pensation for the months passed cannot be increased.

"In connection with the foregoing we direct your
attention to Art. 689a-11, V.A.C.S., which is in part
as follows:

"'When the budget has been finally approved by
the Commissioners' Court, the budget, as approved by
the Court shall be filed with the Clerk of the County
Court, and taxes levied only in accordance therewith,
and no expenditure of the funds of the county shall
thereafter be made except in strict compliance with
the budget as adopted by the Court. Except that emer-
gency expenditures, in case of grave public necessity,
to meet unusual and unforeseen conditions which could
not, by reasonably diligent thought and attention,
have been included in the original budget, may from
time to time be authorized by the Court as amendments

to the original budget.  In all cases where such amendments to the original budget is made, a copy of the order of the Court amending the budget shall be filed with theClerk of the County Court, and attached to the budget originally adopted.'"

We trust this answers your first question.

Section 9, Article 8 of the State Constitution prescribes the maximum rate of taxes for general purposes, for roads and bridges, for juries and for permanent improvements, respectively.  These monies arising from taxes levied and collected for each of the enumerated purposes, are constitutional funds; and the Commissioners' Court has no power to transfer money from one fund to another and to expend for one purpose tax money raised obstensibly for another purpose.  (See the following authorities:  Carroll v. Williams, 202 S.W. 504; Commissioners' Court of Henderson County v. Burke, 262 S.W. 94; Rult v. Hill County, 116 S.W. 359; Underwood v. Howard, 1 S.W. (2d) 730; 11 Texas Jurisprudence 609.)

Equipment and tools used for the purpose of repairing county road equipment cannot be classified as a permanent improvement within the meaning of Section 9, Article 8, of the State Constitution.

Since the equipment and tools referred to in your second question are to be used for the purpose of repairing county road equipment, the county may pay for same out of the county road and bridge fund.

In view of the foregoing authorities we answer your second question in the negative.

                              Yours very truly
                              ATTORNEY GENERAL OF TEXAS

                              By /s/ Robert L. Lattimore, Jr.
                              Robert L. Lattimore, Jr.
                                        Assistant
APPROVED JUN 19, 1945
/s/ Carlos C. Ashley
FIRST ASSISTANT               By  /s/ John Reeves
ATTORNEY GENERAL              John Reeves

APPROVED: OPINION COMMITTEE
BY:       BWB, CHAIRMAN

JR:mp:wb