## T. H. AULT V. HILL COUNTY.

### No. 1907. Decided March 3, 1909.

**1.—County Taxation—Improvement Fund—General Revenue.**

The levy by the Commissioners Court of a tax for a county improvement fund, in addition to the maximum tax permitted by the Constitution for general purposes, when no improvement is in contemplation, and with the intention of transferring such fund to the general revenue, was unlawful and invalid. (Pp. 336, 337.)

**2.—Counties—Creation of Debt—Levy of Tax Therefor.**

A contract for constructing improvements of the county court house was unlawful if made without the levy of a special tax to provide a fund for its payment, where the entire general revenue of the county was obviously needed to meet its current expenses; and in determining the sufficiency of the general revenue for that purpose the previous unlawful levy of a special tax not yet collected, nominally for an improvement fund, but when no improvements were contemplated and such levy was intended to be used for general county purposes, could not be considered. (Pp. 336–338.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Hill County.

Ault sued the county, appealed from a judgment for defendant, and obtained writ of error on its affirmance.

*Vaughan & Hart,* for plaintiff in error.—Debt for current expenses of the county payable within a year out of the incoming revenue of the year, and with other indebtedness, not clearly in excess of the yearly income for general purposes can be created by said county; but, in order to be valid under the constitutional provision, must run concurrently with the current resources for such purposes; and such debt can not mature at such time that would make it a charge upon the future resources of said county. Constitution, 1876, art. 2, secs. 5, 7; City of Corpus Christi v. Woesner, 58 Texas, 462; Dwyer v. Brenham, 65 Texas, 526; City of Terrell v. Dessaint, 71 Texas, 770; McNeal v. Waco, 89 Texas, 88. The doctrine of breach of contract by renunciation stated. Kilgore v. Northwest T. B. E. Assn., 90 Texas, 139; Supreme Council A. L. of H. v. Batte, 34 Texas Civ. App., 456.

The fact that the Commissioners Court of Hill County had, prior to the time of the making of the contract with appellant declared on in this suit, made and entered an order levying a tax for improvement purposes, was sufficient, and it was not necessary, in order to legally create a debt for improvements to be made, to make and enter a new order, as the necessity then existing for the levy of such tax gave legality to the order of the Commissioners Court theretofore entered, and if the court should hold that the making of the contract declared on was creating a debt within the meaning of the constitutional provision requiring the levy of a tax to meet such debt, or that it was the intention of the Commissioners Court in making the contract to pay out of the improvement fund the amount of money contracted to be paid appellant for the material, work and labor to be furnished and performed by him in making the changes, etc., in the court-

house provided for in said contract, then in either event said contract would be protected as a valid obligation against appellee.  State v. Bader, 56 Ohio St., 718; Aetna L. Ins. Co. v. Lyon County, 44 Fed., 342

*Morrow & Smithdeal,* for defendant in error.—It appearing from the allegations of the 12th subdivision of the defendant's answer, that the current revenues of Hill County were insufficient to pay its current expenses, and that the county was practically insolvent; that at the time the alleged contract was made there was no provision made for its payment; and it further appearing that the county had illegally levied about seventy-five thousand dollars tax under guise of an improvement tax, which had been transferred to the general fund and used for general purposes, and that the taxpayers were creditors of the county to the extent of the taxes illegally collected, making an additional item in the insolvency of the county, there was no error in overruling a general demurrer.  Jefferson Iron Co. v. Hart, 18 Texas Civ. App., 525; McNeal v. City of Waco, 89 Texas, 83; Terrell v. Dessaint, 71 Texas, 770.

Even if the improvement fund had had sufficient money to pay the amount of the contract, it would not have been available, because the improvement tax was illegally levied, and at the time it was levied there were no improvements in contemplation, but the levy was made for the purpose of supplementing other funds.  Jefferson Iron Co. v. Hart, 18 Texas Civ. App., 525.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

This was an action by plaintiff in error against the county for damages for breach of a contract between them for the construction by Ault of certain improvements upon the courthouse of the county. One of the defenses was that the contract was void because it attempted to create a debt against the county without provision made to pay the interest and sinking fund as required by section 7 of article 11 of the Constitution.

It appeared at the trial that the contract was concluded November 24, 1906, between Ault and the Commissioners Court, as then composed, and that it was repudiated by the other Commissioners elected in that year.  No levy of a tax was made to provide a special fund to pay the amount agreed to be paid for the improvements, the Commissioners who made the contract intending to pay it out of the current revenues.  Had the money been on hand, or had the prospect of collecting it out of the taxes legitimately levied for general county purposes been such as to justify a reasonable expectation that it would be on hand, to meet the payments on the contract as they fell due, we should have a question very different from that which is presented by the facts.  McNeal v. Waco, 89 Texas, 83.  It is established by the findings of the Court of Civil Appeals that the twenty-five cents rate, lawfully levied for general county purposes, was, and for years had been, insufficient to meet the ordinary current expenses of county government.  To meet this situation the Commissioners Court for several years had been in the habit of levying

and collecting a special tax for what was called the "improvement fund," with no improvement in contemplation, and of transferring the monies so raised to the general fund. In the language of the Court of Civil Appeals: "The Commissioners Court of Hill County did not, in fact, levy any tax for the improvement fund for the year 1906. They levied a tax of 13½ cents on the one hundred dollars, ostensibly for that fund, in February, 1906, but no improvements were then in contemplation, and said levy was made with the intention of transferring the fund derived thereby to the general fund of the county, which was done, and for the purpose only of increasing the general fund of the county."

We agree with the Court of Civil Appeals in the opinion that the course thus taken was a mere attempt to swell the fund allowed for general county purposes by sums collected under the guise of another power when there were no circumstances justifying its exercise and no real purpose to exercise it. Section 9 of article 8 of the Constitution fixes the maximum rates of taxation that may be levied for the several purposes therein specified, one of which is "county purposes" and another is "the erection of public buildings, etc., . . . and other permanent improvements." It seems too plain to require argument that the power to tax for the latter purpose can not lawfully be used as a means of exceeding the limit set to the power to tax for the former; and this is what had been done before the contract in question was executed. If when that contract was made enough money had been in the treasury to meet it, besides defraying the current expenses, even though a part of that money had been raised through the illegal levy, it may be that the plaintiff would have had no concern with the manner in which it had been raised, and that it could not be said that the contract, if recognized, would have created a debt against the county in the sense of the Constitution. It was upon the misapprehension that such was the case that this writ of error was granted. But the county was in no such condition. To meet the contract, further collections under the illegal levy were necessary, and we can not assent to the proposition that such levy can be taken into account in determining whether or not a debt was created which could not be paid out of the general fund.

The question is, was the contract, when made, void because of an attempt by it to create a debt without the provision to meet it required by the Constitution? The plaintiff says not, because it was to be satisfied out of the general fund. If the objection could be met in this way when the general fund is sufficient, which we need not decide, the answer in this case is that the general fund, lawfully provided for, was not sufficient to pay the current expenses and leave enough to pay the sums called for by the contract. In order to help that fund out it was necessary to make further collections under the illegal levy; and to hold the contract valid because of the expectation of raising sufficient funds from that levy would imply a duty on the part of the county to continue to enforce it. The answer to such a contention is obvious. The levy was illegal and void when made, and continued to be so. The proposition that it was the duty or the

right of the county to continue to enforce it is one which the law can not recognize. It results that as the county was without the means available out of its general fund to pay the amounts which it agreed to pay the plaintiff, the contract attempted to create a debt without complying with the Constitution.

*Affirmed.*