

# THE ATTORNEY GENERAL
## OF TEXAS

**GERALD C. MANN**

**AUSTIN 11, TEXAS**

Hon. Morris Holston
County Attorney
Titus County
Mt. Pleasant, Texas

Dear Sir:

Opinion No. 0-2605
Re: Authority of Commissioners'
Court to issue a warrant payable
out of the permanent improvement
fund for services rendered in the
refunding of warrants theretofore
issued against such fund.

     We have your letter in which our opinion is request-
ed on the following state of facts, which are, briefly, that
during the year 1940 the Commissioners' Court of Titus County
issued certain warrants to remodel the courthouse, and in
June of 1940 the court published notice of intention to do
all things necessary to refund such warrants into Permanent
Improvement Bonds, bearing interest at three and one-fourth
per cent with maximum maturity date 1950. On July 12, 1940,
the Commissioners' Court issued to a bond and warrant company
a warrant in the amount of $2400 for services rendered in the
refunding of the above mentioned warrants into bonds, such
warrant being due on March 1, 1941, bearing interest at the
rate of four per cent and to be paid by the levy of a tax
against the twenty-five cent constitutional permanent improve-
ment fund levy. Your question being --

     "Does the Commissioners' Court of Titus County
have the authority to issue a warrant to a bond
and warrant company payable out of the Permanent
Improvement Fund for services rendered by said
company in the refunding of the above described
warrants into bonds?"

     The power to levy a tax for permanent improvements
is conferred in Section 9, Article 8 of the Constitution and
by Article 2352 of Vernon's Annotated Civil Statutes. The per-
tinent part of the constitutional article reads as follows:

     "***And no county *** shall levy more than
twenty-five cents for county purposes and not ex-
ceeding fifteen cents for road and bridges, and not
exceeding fifteen cents to pay jurors***; <u>and for
the erection of public buildings</u> *** and other im-
provements, *** not to exceed twenty-five cents on
the one hundred dollars' valuation in any one year
***"

Article 2352, above mentioned, reads the same as the constitutional provision. In the case of Ault v. Hill County, 116 S.W. 359, the Supreme Court, speaking through Justice Williams, held in substance that when no improvements within the limits of the constitutional provision are contemplated, the power to levy the tax does not exist. This conclusion was followed in the case of W. L. Slayton & Company v. Panola County, 283 Fed. 330.

It seems clear that there is sufficient authority to levy a tax of not exceeding twenty-five cents on the one hundred dollars' valuation for the erection of public buildings and other permanent improvements, and it is equally as clear that the purpose for which such levy is authorized does not include "refunding services or fees". It may be that the obligations sought to be refunded were properly issued for purposes within the authority conferred, but, in our opinion, a refinancing or refunding thereof comes strictly under the head of county business so as to bring it under the twenty-five cent levy for county purposes or the general fund.

You are, therefore, advised that, in our opinion, the Commissioners' Court is without authority to issue a warrant of any description to anyone payable out of the Permanent Improvement Fund for services rendered in refunding time warrants or bonds previously issued.

Trusting that this fully answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Clarence E. Crowe
Clarence E. Crowe, Assistant

APPROVED OCT 23, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

This opinion considered and approved in limited conference.

CEC-s:wb