

# THE ATTORNEY GENERAL
## OF TEXAS

Grover Sellers
~~JOHN BEN SHEPPERD~~
~~XXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. Marion McGee
County Auditor
Hays County
San Marcos, Texas

Opinion No. O-6134
Re: Construction of House Bill 108,
48th Legislature, in regard to levy-
ing taxes.

Dear Sir:

Your letter requesting an opinion upon the cap-
tioned subject has been given careful consideration by
this department. We quote your request as follows:

"Is the tax levy not to exceed five (5) cents
on each One Hundred Dollars valuation authorized
to be levied by the Commissioners Court under House
Bill No. 108, of the 48th Regular Session, to be
construed to be part of the constitutional General
Fund levy of twenty-five (25) cents and not to ex-
ceed it, on each One Hundred Dollars valuation, or
can it be in addition, separate, distinct and above
the General Fund maximum of twenty-five (25) cents?

"The Commissioners Court of Hays County has
been petitioned to call a special election to make
this Act effective in Hays County and as our General
Fund is now over $32,000.00 in the red, we are anx-
ious to get an opinion on this question."

House Bill 108, 48th Legislature (codified as Article
4436, V.A.C.S., reads in part as follows:

"The Commissioners Court of each County of this
State having a population of less than twenty-two
thousand (22,000), according to the last preceding
Federal Census, is hereby authorized to levy a tax,
not to exceed five (5) cents on each One Hundred
Dollars valuation, upon personal or real property
for the purpose of creating a County Health Unit, and
for the purpose of buying necessary vaccines, and to
pay for necessary medical services required for the
immunization of school children and indigent people
from communicable diseases, and to pay as much as one-
half, or any portion thereof, as they may deem reason-
ably necessary for the medical treatment and immuniza-
tion of indigent people who are not paupers. This

Act is not to be construed as mandatory upon said Commissioners Courts, but shall only become effective in any county having a population of less than twenty-two thousand (22,000) after being approved by a majority of the property taxpaying voters of that county at an election called for that purpose by the Commissioners Court after receiving a petition signed by not less than five (5) per cent of the property taxpaying voters of said county requesting such an election."

Article 8, Section 9, of the Constitution of Texas provides, in part:

". . . no county, city or town shall levy more than twenty-five cents for city or county purposes, and not exceeding fifteen cents for roads and bridges, and not exceeding fifteen cents to pay jurors, on the one hundred dollars valuation, except for the payment of debts incurred prior to the adoption of the amendment September 25th, 1883; and for the erection of public buildings, streets, sewers, water works and other permanent improvements, not to exceed twenty-five cents on the one hundred dollars valuation, in any one year, and except as is in this Constitution otherwise provided; . . ."

The above constitutional provision, and particularly that portion thereof dealing with the levying of taxes by the county for county purposes, is the only authorization by which a county could levy a tax for the purpose set forth in House Bill 108. It is well settled that Section 9 of Article 8 of the Constitution fixes the maximum rates of taxation that may be levied for the several purposes therein specified. Ault v. Hill County, 102 Tex. 335, 116 S.W. 359; Carroll v. Williams, 202 S.W. 504. The limitation for county purposes is placed at twenty-five cents on the one hundred dollar valuation.

Therefore, you are advised that the tax levy permitted by House Bill 108 is to be considered as a part of the levy of twenty-five cents referred to in the above article and section of our Constitution.

Yours very truly

APPROVED AUG 16, 1944
/s/ Geo. C. Blackburn
(Acting) ATTORNEY GENERAL OF TEXAS
APPROVED: OPINION COMMITTEE
BY:       BWB, CHAIRMAN
ROK:AMM:wb

ATTORNEY GENERAL OF TEXAS

By /s/ Robert O. Koch
Robert O. Koch, Assistant