### WHITE et al. v. CITY OF PORT ARTHUR et al.

No. 4434.

Court of Civil Appeals of Texas. Beaumont.
March 13, 1947.

Rehearing Denied April 16, 1947.

Fred A. White, of Port Arthur, for appellants.

B. T. McWhorter, of Port Arthur, for appellees.

MURRAY, Justice.

This is an appeal from a judgment of the district court of Jefferson county, dissolving a temporary restraining order theretofore issued and denying an application for a temporary injunction.

The appellants, Carl White, G. H. McFarland and Mrs. Carroll Holt, a feme sole, brought suit against the City of Port Arthur, and others, to enjoin them from

constructing a pumping station in front of and near their homes situated on Lakeshore Drive in the City of Port Arthur. They alleged in their original petition for injunction that the plat of ground immediately in front of their homes on Lakeshore Drive had been dedicated to be used as a public park and pleasure ground only and that such plat of ground had been improved and used only as a public park. By trial amendment, they alleged in the alternative that if the plat of ground on which the city was proposing to build and was building a pumping station is not located in the plat dedicated as a public park and playground but was in the plat dedicated as Lakeshore Drive, a public street, then the city still could not thus use the land; and they alleged that the City has maintained and improved such grounds as a public park and has thereby become estopped to deny that such ground is a permanent public park. They alleged that their property had a special value by virtue of its being located upon a public park and that construction of a pumping plant in such locality would decrease its value and desirability as homes and they had purchased their homes at such localities because of the location of the park space immediately in front of them. They alleged that since the land on which the pumping station was being built had been dedicated for use as a public park and playground, and had been so used and maintained by the City of Port Arthur, the City of Port Arthur was without power to make use of said land for any other purpose. The answer of the City of Port Arthur contained several defenses, among which was the plea that the City of Port Arthur was authorized by the State of Texas to construct and had constructed a sea wall around the city and adjacent lands to protect it from storms and flood waters of the Gulf of Mexico, that its drainage system was a necessary part of such sea wall construction and that the pumping station, the building of which was sought to be enjoined, was a part of such city drainage and sea wall project; that it was building and proposed to build the pumping station, not upon any ground in a public park or playground but in a portion of Lakeshore Drive which now forms a part of the sea wall, or protective levee. The case was heard before the court without a jury, and the court entered judgment denying the injunction. Appellants duly perfected their appeal to this court.

The City of Port Arthur lies upon the western shore of Sabine Lake, in Jefferson County, which is bordered on the south by the Gulf of Mexico. The original townsite of Port Arthur was laid out and platted by the Port Arthur Townsite Company. Upon the map and plat appear the location of Lakeshore Drive as a street bordering Lake Sabine, and also appear various plats of ground between Lakeshore Drive and platted lots and blocks, which were dedicated for use as parks and playgrounds. Approximately 40 years before this suit arose the United States Government constructed between the City and Lake Sabine the Sabine-Neches ship channel, a deep channel extending from the Gulf of Mexico through Sabine Pass along the western shore of Lake Sabine to the mouth of the Neches river. The location of the proposed pumping station is in a portion of Lakeshore Drive as originally dedicated, which has been washed away or eroded in places by the action of the waves of water of such channel. The City of Port Arthur constructed a sea wall and levee along the west bank of such channel in Lakeshore Drive as dedicated, and in such construction the eroded portion of land at that point was restored by excavations taken from the channel. A concrete road or driveway was constructed on top of such sea wall and it is now used as a public street and driveway.

In 1929 the State of Texas, by an Act of the Legislature, Gen. and Sp.Laws, c. 292, granted to the City of Port Arthur a remission of eight-ninths of all ad valorem taxes collected in Precinct No. 2 of Jefferson county, Texas, in which precinct the City of Port Arthur is situated, such money to be used for the purpose of paying off bonds issued to construct a sea wall, storm protection and other works to protect the City of Port Arthur, its citizens and industries from hurricanes, high tides and storm waters. This legislative Act was authorized by Article 11, Section 8, of the Con-

stitution of Texas, Vernon's Ann.St. Article 6831, Revised Civil Statutes of Texas, is one of a series of articles dealing with the authority thus granted by the Constitution to the Legislature to aid counties on the gulf coast of Texas to construct sea walls and break waters. Such statute reads as follows: "Art. 6831 [5586] May use streets and alleys.

"Said county commissioners' court, and municipal authorities, shall have the power to impose such additional uses and burdens upon all streets, alleys, public highways and other public grounds as they may deem necessary for the location, erection, construction and maintenance of seawalls, breakwaters, levees, dikes, floodways and drainways, and to license, regulate or grant such additional uses of said seawalls, breakwaters, levees, dikes, floodways or drainways as will not impair their efficiency."

There is ample evidence in the record to warrant a finding as a fact that the City of Port Arthur was building and is building as an additional part of its sea wall project an extensive drain system and large drainway from one section of the city to the point at which the proposed pumping station would lift water from the enclosed city over or under the sea wall into the Sabine-Neches canal; that in the judgment of its engineers this location was suitable and proper as a place at which to locate the pumping station; that this location is wholly within Lakeshore Drive and is not in a public park or playground.

The controversy before us for determination resolves itself into the question of whether the City of Port Arthur is authorized by virtue of the statute above quoted to make use of a portion of Lakeshore Drive for the location of its pumping station in the face of the fact that said land was dedicated for use as a public street, and a portion of such ground in the past has been maintained and used as a public park.

■■■ On the authority of First National Bank of Port Arthur v. City of Port Arthur, Tex.Civ.App., 35 S.W.2d 258, by this court, the proposed pumping station must be considered to be an essential and necessary and component part of the sea wall project of Port Arthur and when completed will be a part of the sea wall project. The placing of a pumping station in a portion of Lakeshore Drive will not interfere with its use as a public street or driveway. The statute quoted above authorizes the authority charged with the duty of constructing and maintaining sea walls to impose additional uses and burdens upon streets and highways for the location, construction and maintenance of sea walls, drainways, etc. We believe therefore that the City of Port Arthur is not exceeding its authority in locating its pumping station at the point selected by it near the intersection of DeQueen Boulevard and Lakeshore Drive.

The appellants maintain that the dedication of Lakeshore Drive was made for a specific purpose and that the proposed use of it by the City of Port Arthur is not in conformity with the dedication and is a misuse thereof. They rely upon the cases of Clement, et al. v. City of Paris, 107 Tex. 200, 175 S.W. 672, by the Supreme Court, and City of Fort Worth v. Burnett, 131 Tex. 190, 114 S.W.2d 220, also by the Supreme Court. After a careful examination of these and other authorities cited by the appellants, we are unable to agree that the rule of law announced therein is applicable to and controlling in the present controversy. It is noted that both such opinions deal with cases in which individuals had made gifts of property to cities for specific purposes and that the cities were attempting to make use of the land thus dedicated in a manner totally inconsistent with the purposes to which it was dedicated. In the case of Clement et al. v. City of Paris, supra, it is pointed out in the opinion that it was beyond the power of the city officials to appropriate the land for a different public use entirely inconsistent with the use originally intended and that such land can be used only in ways that are kindred to those which would obtain under such dedication at the time. The use of a portion of Lakeshore Drive by the City of Port Arthur as a part of its sea wall system is not entirely inconsistent with its dedication as a public street. Such a use by the city is in keeping with and

consistent with its use as a public street and we believe the city is not lacking in authority to use it in this manner, because of the additional powers which it has by virtue of Article 6831, R.S., quoted above.

In view of the unquestioned need for protection against storms, overflows and flood waters in the coastal counties of Texas and the importance to the economy of the whole state of keeping its ports open for the flow of its commerce through them, the courts will not interfere with any reasonable action of the sea wall authorities in the furtherance of their duties and the discharge of their responsibilities to erect and maintain for the public benefit adequate sea walls and drainways. From the record in this case the action of the City of Port Arthur in building its pumping station at the point selected must thus be regarded.

The judgment of the district court is affirmed.