

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL.
ATTORNEY GENERAL

April 12, 1949.

Hon. William N. Hensley　　　Opinion No. V-808.
Criminal District Atty.
Bexar County　　　　　　　Re: The legality of issuing
San Antonio 5, Texas　　　　　warrants to purchase
　　　　　　　　　　　　　　　steel filing equipment
　　　　　　　　　　　　　　　for the vaults of the
　　　　　　　　　　　　　　　County Clerk.

Dear Mr. Hensley:

　　　　You have requested an opinion on the following:

　　　　"The Commissioners' Court of Bexar County, Texas, has requested that I submit to you certain questions regarding the purchase of steel filing equipment for the vaults of the County Clerk by the issuance of warrants.

　　　　"It is the intent of the County Commissioners of Bexar County to issue warrants for the purpose of purchasing 612 all-steel roller shelves and 216 all-steel document files which are to be anchored securely to the Courthouse floor construction and to be made a part thereof so as to make these units stationary and unmovable and a part of the building.

　　　　"The County Commissioners have requested that I submit to you the following questions:

　　　　"1. Is the proposed expenditure for a 'permanent improvement' of the type contemplated by the authorization of warrants for the sole purpose of 'permanent improvements to the Courthouse?'

　　　　"2. Assuming the construction to be a permanent improvement, and considering the proposed new law applicable to Bexar County which restricts the County Commissioners from issuing warrants, (H.B.106, Acts of the 51st Leg., R.S. 1949, effective March 11, 1949),

can the Commissioners legally issue previously authorized warrants for the purpose of purchasing and erecting this permanent improvement?" (Parenthesis ours.)

Section 9 of Article VIII of the Constitution of Texas provides in part as follows:

". . .and no county, city or town shall levy more than twenty-five (25) cents for city or county purposes, and not exceeding fifteen (15) cents for roads and bridges, and not exceeding fifteen (15) cents to pay jurors, on the one hundred dollars valuation, except for the payment of debts incurred prior to the adoption of the Amendment September 25, 1883; and for the erection of public buildings, streets, sewers, waterworks and other permanent improvements, not to exceed twenty-five (25) cents on the one hundred dollars valuation, in any one year, and except as is in this Constitution otherwise provided; provided, however, that the Commissioners Court in any county may re-allocate the foregoing county taxes by changing the rates provided for any of the foregoing purposes by either increasing or decreasing the same, but in no event shall the total of said foregoing county taxes exceed eighty (80) cents on the one hundred dollars valuation, in any one year; . . ."

The moneys accruing from taxes levied and collected for each of the enumerated purposes are Constitutional funds. The immediate purpose of the above quoted provision of the Constitution is to limit the amount of taxes that may be raised for the several purposes. It is also intended to require that any and all moneys raised by taxes for a particular purpose shall be applied to that purpose and to no other. Ault v. Hill County, 102 Tex. 335, 116 S.W. 359 (1909); Carroll v. Williams, 109 Tex. 155, 202 S.W. 504 (1918).

It was held in the case of Brown v. Graham, 58 Tex. 254 (1883), in a case involving the levying of a special tax for repairs and additions to a Courthouse:

"Should the commissioners' court come to the conclusion that a larger court house is

needed to meet the demands of the public business of their county, and they agree upon its plan and dimensions, and find that they can secure a building conforming to them in every respect, either by erecting a new structure, or altering, repairing and enlarging the old one, and that the latter mode will be less expensive by half than the former, is there any reason in holding that they can levy the tax for the more expensive mode of attaining their object, when they could not for the other, though the structure which is the result is precisely the same in every particular?

"The object of the foregoing provisions of our constitution and statutes was to enable the different counties to provide suitable public edifices, leaving it to the judgment of the proper authorities whether this should be done by building new houses or by repairing and adding to old ones, when they could thus be rendered suitable to the purposes of the county. The word 'erect,' contained in all the foregoing provisions, was the most comprehensive term that could be used to embrace all such improvements.

"To hold that a county whose court house, with proper repairs and additions, could be rendered commodious and useful in every respect, must pull it down and build an entirely new one, would be to charge our law-givers with an intent to encourage an unnecessary expenditure of the public money. Such a consideration would not, in itself authorize us to infer a power when not expressly given or necessarily implied. Yet when the language used is capable of including authority to do an act not mentioned in terms, such construction of it is greatly aided by considerations of public advantage which it would certainly produce."

In the case of Adams v. McGill, 146 S.W.2d 332 (Tex. Civ. App. 1940, error ref.), the court held that Article 2372d, Vernon's Civil Statutes (expressly authorizing the construction and improvement of a livestock and horticulture exhibit building) impliedly authorized the county to issue time warrants payable over a period of

years for improvements on such building. We quote the following from the opinion of the court:

>  ". . . A county subject to the express restrictions imposed by the Constitution and general laws, has the power to issue time warrants in payment for improvements it is expressly authorized to construct, provided that the applicable regulations relating to the issuance of such warrants be observed."

Additional authorities on the same point: Lasater v. Lopez, 110 Tex. 179, 217 S.W. 373 (1919), and Foreman v. Gooch, 184 S.W.2d 481 (Tex. Civ. App. 1944, error ref. w.o.m.).

Following the holding in the above mentioned case this office held in Attorney General Opinion No. V-779, "where Commissioners' Court is expressly authorized to construct a building, it has the implied authority to issue interest bearing time warrants to pay for such construction."

Article 2351 grants the authority to each Commissioners' Court in this State to provide and keep in repair courthouses and jails. Therefore, if the purchase and installation of the filing equipment amounts to a permanent improvement of the courthouse, then time warrants may legally be issued therefor, unless the same has become prohibited under the terms of House Bill No. 106, Acts 51st Legislature, a point which we will later discuss. If the purchase and installation of such filing equipment does not amount to a permanent improvement, then, of course, payment therefor must be made from the county general fund, for that fund is chargeable with the payment of supplies and equipment as such.

The test applicable to your first question is announced in Hutchins v. Masterson, 46 Tex. 551 (1887) wherein it is stated on page 554:

>  ". . . the true criterion for determining whether a chattel has become an immovable fixture, consists in the united application of the following tests:

>  "1st. Has there been a real or constructive annexation of the article in question to the realty?

"2d. Was there a fitness or adaptation
of such article to the uses or purposes of the
realty with which it is connected?

"3d. Whether or not it was the intention
of the party making the annexation that the
chattel should become a permanent accession to
the freehold? - this intention being inferable
from the nature of the article, the relation
and situation of the parties interested, the
policy of the law in respect thereto, the mode
of annexation, and purpose or use for which
the annexation is made.

"And of these three tests, pre-eminence
is to be given to the question of intention to
make the article a permanent accession to the
freehold, while the others are chiefly of val-
ue as evidence as to this intention."

Filing cabinets and shelves would ordinarily
be classified as equipment and payable out of the gen-
eral fund of the county. An article would not become a
fixture simply because it is anchored down to the build-
ing. For example, a chair, a desk, or an adding machine
may be necessary in county offices, but anchoring one of
them to the building for convenience would not make it a
fixture. The second and third tests would not be met.

Yet, a building could be constructed with fil-
ing space and cabinets as a part thereof. Such buildings
have been built. The walls of the building are the walls
of the filing cabinet, etc. In such a situation there
can be no doubt that the filing cabinets are a permanent
part of the building.

We do not have sufficient facts to answer your
question categorically, for such an answer would involve
a determination of facts relative to the installation
which is yet to take place. We can answer your question
only by saying if the filing equipment is installed in
such a manner which would satisfy the tests laid down by
the court in the Hutchins case and thereupon becomes a
permanent part of the courthouse structure, the same
could be paid out of the county permanent improvement
fund, and time warrants could be issued therefor, assum-
ing, of course, that they are issued in accordance with
law.

The 51st Legislature has limited the power of the Commissioners' Court in certain instances to issue time warrants by the provisions of House Bill No. 106, Ch. 36, which provides, in part, as follows:

"Section 1. In all counties having a population in excess of three hundred thousand (300,000) inhabitants according to the last preceding or any future Federal Census, the Commissioners Court shall have no authority or power to issue time warrants until and unless the same have been authorized by a majority vote of the qualified electors who own taxable property in the county and have duly rendered the same for taxation voting at an election therefor, such election to be held under the authority of and in accordance with the provisions of Chapter 1 of Title 22 of the Revised Civil Statutes of Texas of 1925. Provided, that in case of public calamity caused by fire, flood, storm, or to protect the public health, or in case of unforeseen damage to public property, machinery, or equipment, the Commissioners Court may issue such time warrants in the aggregate amount of not exceeding Fifty Thousand Dollars ($50,000) during any one calendar year as are necessary to provide for the immediate repair, preservation or protection of public property, and the lives and health of the citizens of the county without the necessity of such election.

"Sec. 2. <u>This Act shall not be construed to apply to time warrants of such counties issued or authorized to be issued prior to the effective date of this Act.</u>" (Emphasis ours.)

In answer to our request for additional information, your office has advised us that in January of this year, the warrants referred to in your request were authorized to be issued. As House Bill No. 106 did not become effective until March 11, 1949, then under the plain provisions of Section 2 the Act will not apply to the time warrants under consideration, assuming, of course, that the warrants were issued in accordance with law and the expenditures properly come within the authorized purpose thereof.

## SUMMARY

The purchase and installation of certain filing equipment in the courthouse can be accomplished in such a manner that the same becomes a fixture and a part of the courthouse building. If the same becomes a fixture, then payment therefor may be made by Bexar County by the issuance of time warrants payable out of the county permanent improvement fund, said warrants having been authorized prior to the effective date of House Bill No. 106, Acts of the 51st Legislature.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By John Reeves
John Reeves
Assistant

JR:bh

APPROVED

Joe R. Greenhill

FIRST ASSISTANT
ATTORNEY GENERAL