# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS


June 28, 1956

Honorable Marion M. Lewis
County Attorney
Goliad County
Goliad, Texas

Opinion No. S-203

Re: Whether the cost of
public scales in-
stalled under Article
2372n, V.C.S., may be
paid out of the County
Permanent Improvement
Fund.

Dear Sir:

You have requested an opinion on the following question:

"Can Goliad County, upon compliance
with the necessary requirements, purchase
and install public platform tonnage scales,
as authorized by Art. 2372n, V.C.S., and
pay for them out of the Public Improvement
fund of said Goliad County?"

Section 9 of Article VIII of the Constitution of
Texas provides for a general purpose fund, a road and bridge
fund, a jury fund and a permanent improvement fund. Commis-
sioners Court of Henderson County, et al v. Burke, et al,
262 S.W. 94 (Tex.Civ.App. 1924). The restriction upon the
use of these funds is described in Attorney General's Opin-
ion V-808 (1949) where the cases of Ault v. Hill County,
102 Tex. 335, 116 S.W. 359 (1909), and Carroll v. Williams,
109 Tex. 155, 202 S.W. 504 (1918) are correctly stated as
authority for the following:

"The moneys accruing from taxes levied
and collected for each of the enumerated pur-
poses are Constitutional funds. The immediate
purpose of the above quoted provision of the
Constitution /Sec. 9, Art. VIII/ is to limit
the amount of taxes that may be raised for the
several purposes. It is also intended to re-
quire that any and all moneys raised by taxes

> <u>for a particular purpose shall be applied</u>
> <u>to that purpose and to no other."</u>
> (Emphasis added.)

Therefore, expenditure of money from the Permanent Improvement Fund of Goliad County for public platform scales, as authorized by Article 2372n, Vernon's Civil Statutes, is authorized if these scales can be properly classified as a permanent improvement.

The only Texas case construing the words "permanent improvements" is <u>Holman, County Judge, et al v. Broadway Improvement Co.</u>, 300 S.W. 15 (Comm. App. 1927), where seawalls were held to be within this term. Thus, the interpretation of these words must be found in the decisions of the courts.

In the leading case of <u>Teaff v. Hewitt</u>, 1 Oh. St. 511 (1853), Chief Justice Bartley laid down certain rules which were in essence an attempt to define the requisites of a "fixture" which would bring it within the common concepts of an improvement on land. In determining whether a fixture has become a part of the land, Chief Justice Bartley, spoke as follows:

> "The united application of the following requisites will be found the safest criterion of a fixture:
>
> "(1) Actual annexation to the realty or something appurtenant thereto. (2) Appropriation to the use or purpose of that part of the realty with which it is connected. (3) The intention of the party making the annexation to make the article a permanent accession to the freehold - this intention being inferred from the nature of the article affixed, the relation and situation of the party making the annexation, the structure and mode of annexation, and the purpose or use for which the annexation has been made."

This rule was followed in Texas by our Supreme Court in <u>Hutchins v. Masterson</u>, 46 Tex. 551 (1877) and applied as the determinative rule for construing the permanent improvement section of the State Constitution by Attorney General's Opinion V-808.

Because we do not have sufficient facts to give a

categorical answer and because of the principal element of the rule, the intention of the county, we can only point out the elements which must exist before the purchase of the scales can be made out of the permanent improvement fund.

The following must exist to authorize the purchase:

(1) The county must attach the scales to the land or an appurtenance thereto with the intent and in such way as to affix them in a permanent manner; (2) the scales and the land or appurtenance to which they are attached must have a relative and corresponding use or purpose; (3) the county must have the intention of making the scales a permanent accession to the land or appurtenance.

## SUMMARY

The cost of public scales installed under Article 2372n, V.C.S., may be paid out of the County Permanent Improvement Fund if they are attached to appropriate land or an appurtenance thereto with the intent and in such a manner as to make them a permanent fixture.

Yours very truly,

JOHN BEN SHEPPERD
Attorney General of Texas

Philip Sanders
Assistant Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

W. V. Geppert
Reviewer

J. Arthur Sandlin
Reviewer

L. W. Gray
Special Reviewer

Davis Grant
First Assistant

John Ben Shepperd
Attorney General

PS:zt