

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

October 16, 1959

Honorable Jules Damiani, Jr.
Criminal District Attorney
Courthouse
Galveston, Texas

Opinion No. WW-718

Re: After a county budget is
established under Section
9 of Article VIII of the
Texas Constitution, can
funds be taken out of a
General Fund and put into
a Permanent Improvement
Fund for the purpose of
enlarging and equipping
an existing County Hospit-
al and related questions.

Dear Mr. Damiani:

You have requested the opinion of this office on the
following questions:

"Once the /County/ Budget for the year is
established, under Article 8, Section 9 of the
Texas Constitution, can funds be taken out of
a General Fund and put into a Permanent Improve-
ment Fund with the idea of using these funds to
enlarge and equip an existing County Hospital,
the Commissioners Court having taken this into
consideration at the time the General Fund was
set in the Budget, their having appropriated an
excessive amount of money for this purpose?"

"Can funds to enlarge and quip an existing
County Hospital come out of the general fund, it
being provided for by the Commissioners Court at
the time of fixing the budget, or must these funds
come out of the Permanent Improvement Fund?"

Section 9 of Article VIII of the Constitution of Texas
provides in part:

". . . provided further that at the time
the Commissioners Court meets to levy the annual

tax rate for each county it shall levy whatever
tax rate may be needed for the four (4) consti-
tutional purposes; namely, general fund, permanent
improvement fund, road and bridge fund and jury
fund. . . ."

Thus, the Constitution makes specific provisions for
raising monies for the General Fund and the Permanent Improve-
ment Fund. It sets out the duty of the Commissioners Court to
levy taxes as needed and the monies arising from these taxes
levied and collected for each of these enumerated purposes are
constitutional funds.

The authority of the Commissioners Court to transfer
funds from one designated fund to another is limited by the
constitutional restriction. The Constitution contemplates
that tax money collected from the people ostensibly for one
purpose shall be expended for that purpose alone. The provi-
sions of Section 9, Article VIII were designed not merely to
limit the tax rate for certain purposes, but to require any and
all money raised by taxation for any purpose to be applied,
faithfully, to that purpose as need therefor and not to any
other purpose or use whatsoever.

The Commissioners Court cannot levy a tax for one pur-
pose and use the money for another, and it has no power to
transfer this money from one constitutional fund to another.
Ault v. Hill County 102 Tex. 335, 116 S.W. 359 (1909); Com-
missioners Court of Henderson County v. Burke, 262 S.W. 94
(Civ.App. 1924); Carroll v. Williams, 109 Tex. 155, 202 S.W.
504 (1918); First State Bank & Trust Co. of Rio Grande City
v. Starr County, 306 S.W.2d 246 (Civ.App. 1957). This rule
prevails even though the commissioners, in levying a tax to
establish a General Fund, took into consideration the fact
that they were acquiring more money than would be actually
needed with the intent to transfer the additional money to
another fund.

You second question again states:

"Can funds to enlarge and equip an existing
County Hospital come out of the general fund, it
being provided for by the Commisssioners Court
at the time of fixing the budget, or must these
funds come out of the Permanent Improvement Fund?"

It was held in Attorney General's Opinion V-518 (1948), that where the establishment of a county hospital was from current funds, the cost of the purchase would come from the Permanent Improvement Fund and the costs of the operation and maintenance from the General Fund.

Attorney General's Opinion V-701 (1948) held that the construction of sidewalks, necessary entrances and exits, driveways and landscaping of a county hospital may be paid for out of the Permanent Improvement Fund of the county. Likewise, it was held in Attorney General's Opinion 0-6441 (1945) that the cost of painting an office in the courthouse, where there is no new construction, is chargeable against the Permanent Improvement Fund.

In view of the foregoing, it is our opinion that the enlargement of a county hospital should be paid for out of the Permanent Improvement Fund of the county. However, the equipping of a hospital is different from enlarging same. It was held in Attorney General's Opinion 0-6531 (1945) that the permanent records for the county clerk, district clerk and tax assessor-collector cannot be paid for out of the Permanent Improvement Fund. The meaning of "equip" has been held to be synonymous with "furnish." See Words and Phrases, Vol. 14A, p. 359. Therefore, the equipping of an enlarged portion of a county hospital should be paid for out of the General Fund of the County.

## SUMMARY

Funds may not be transferred from the General Fund to the Permanent Improvement Fund (Carroll v. Williams, 109 Tex. 155, 202 S.W. 504, 1918); the enlarging of a county hospital should be paid for out of the Permanent Improvement Fund while the equipping of same should be paid out of the General Fund of the County.

Yours very truly,

WILL WILSON
Attorney General of Texas

By James M. Farris
Assistant

JMF:mfh

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

Ralph R. Rash
Paul R. Floyd, Jr.
Robert T. Lewis

REVIEWED FOR THE ATTORNEY GENERAL
BY:   W. V. Geppert