

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

May 19, 1965

Hon. Raleigh Brown, Chairman      Opinion No. C-441
House Committee on Counties
State Capitol                     Re:  Whether the Seawall Com-
Austin, Texas                          mission for Matagorda
                                       County created by Chapter
                                       4, page 11, 43rd Legisla-
                                       ture, Fourth Called Session,
                                       1934, is still an effective
                                       body, and alternative ques-
Dear Mr. Brown:                        tions.

        You have requested the opinion of this office as to
whether the Seawall Commission for Matagorda County is still an
active body with statutory power. This commission was created
by Acts of the 43rd Legislature, Fourth Called Session, page 11,
Chapter 4, 1934 (not codified - see note under Article 6830,
Vernon's Civil Statutes). In the event it is the opinion of this
office that this commission is no longer in existence, you ask
whether House Bill 908, relating to the establishment of seawall
commissions is constitutional. In the further alternative, you
ask whether the said House Bill 908 would permit a county to
transfer to its seawall commission monies from the Permanent
Improvement Fund, the Road and Bridge Fund and the General Fund
of the county.

        In reply to your first question, it is observed that
Section 1 of the 1934 Act provides for the grant of eight-ninths
of the net amount of the State ad valorem taxes collected in
Commissioner's Precinct 3 of Matagorda County, said donation to
be held in trust by the Seawall Commission created by the Act.
The period of donated taxes was stated to be thirty years, be-
ginning September 1, 1933. By Section 7 of the 1934 Act, it was
provided that when the sinking fund created by the Act shall be-
come sufficient to retire all outstanding bonds, the Act shall
cease to be operative and the donations of tax monies provided
for shall cease.

        By Acts, 50th Legislature, page 1071, Chapter 457,
1947, the Legislature provided for a two-year extension of the

-2096-

original donation period of thirty years provided for in the 1934 Act. Therefore, the total period of donated tax monies was thirty-two years from September 1, 1933. We are informed that bonds issued by the Matagorda County Seawall Commission have been retired. By virtue of the terms of the Acts involved, it is the opinion of this office that, by virtue of the retirement of the bonds, the Matagorda County Seawall Commission, as such, expires under the terms of the Act.

We now turn to the question of the constitutionality of House Bill 908. We have been cited to no particular provision of this proposed statute which has been called into question, but rather have been requested to examine it generally as to its constitutionality. House Bill 908 provides for the optional creation of a seawall commission by a county and any city bordering on the coast of the Gulf of Mexico. This commission is to undertake to perform the functions set out in Article 6830, Vernon's Civil Statutes. House Bill 908 conveys rather broad authority to the seawall commission, with the city and county governments retaining control only through the power of appointment and approval of budgets. However, the only constitutional question which reveals itself on the face of the bill is in regard to Section 3(a) thereof, which reads in part as follows:

> "The operations of the seawall commission shall be financed by appropriations to it by the city and by the county out of their general revenues. The . . ." (Emphasis supplied).

The city government may, under the provisions of its charter, appropriate their general revenue funds to the seawall commission, but the government of a home rule city operates under more relaxed rules than does a county government. A seawall is a permanent improvement, and county funds may be expended therefor only when the funds are derived from the constitutional Permanent Improvement Fund or through bonds voted under Article 6830, et seq., Vernon's Civil Statutes. A county would not be authorized to expend monies from the Road and Bridge Fund, the Officers Salary Fund, or any other constitutionally-restricted fund for a seawall. The commissioners court has no power to levy a tax for one purpose and use the money for another. Ault v. Hill County, 102 Tex. 335, 116 S.W. 359 (1909); Sanders v. Looney, 225 S.W. 280 (Tex.Civ.App., 1920); Carroll v. Williams, 109 Tex. 155, 202 S.W. 504 (1918).

In consideration of the foregoing, it is the opinion of this office that Section 3(a) of House Bill 908 is unconstitutional insofar as it purports to authorize a county to appropriate its general revenues to a seawall commission. A part of

the general revenues of the county, of course, are the funds which go to make up the Permanent Improvement Fund. These funds may properly be appropriated for the purposes stated in the bill. However, we may not change the wording of a statute in order to make it constitutional; we may strike a word or a phrase in order to preserve an act, but judicial construction may go no farther:

> ". . .that a statute which includes by general language subjects within and those without the constitutional jurisdiction of the state cannot be limited by judicial construction to the former class, and then sustained." 82 C.J.S., p. 160, Statutes, Sec. 93.

Accordingly, it is the opinion of this office that House Bill 908, for the reason of the defect above discussed, is unconstitutional in its entirety.

In view of our answer to your second question regarding the constitutionality of House Bill 908, it is not necessary to answer your third question.

### S U M M A R Y

The Seawall Commission estabished by Acts, 43rd Legislature, Fourth Called Session, page 11, Chapter 4, (1934) will no longer be an effective body after September 1, 1965.

House Bill 908 is unconstitutional in that it authorizes the expenditure by a county of constitutional funds for other than the purposes established for such funds.

Yours very truly,

WAGGONER CARR
Attorney General

By: *Malcolm L. Quick*
Malcolm L. Quick
Assistant

MLQ:ms:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
Ralph Rash
Frank Booth

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone