

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

March 16, 1965

Hon. Jules Damiani, Jr.              Opinion No. C-405
Criminal District Attorney
Galveston County                     Re:  Whether the Commissioner's
Galveston, Texas                          Court of Galveston County
                                          is authorized to expend Sea-
                                          wall Funds (Permanent Im-
                                          provement Funds) for the
                                          maintenance of the boulevard
                                          constructed on top of the
                                          Seawall in that area where
                                          the wall no longer serves as
                                          a protective work from the
Dear Mr. Damiani:                         sea.

        Your letter requesting an opinion of this office reads
in part as follows:

        "In 1902 Galveston County acquired the
        necessary rights of way for the construction
        of a seawall commencing at what is commonly
        known as the South Jetty extending in a gen-
        erally Southerly direction parallel with 6th
        Street to a point intersecting what is now
        commonly known and referred to as Galveston
        Seawall Boulevard, then continuing in a gen-
        erally Westerly direction along the Beach to
        39th Street being commonly known as the Sea-
        wall Boulevard, this area also faces and bor-
        ders along the Gulf of Mexico.  Since the
        original construction, additional filling and
        additional protective works have taken place
        in front of the area lying between the beginning
        point to the old Seawall and where 6th Street
        intersects the Boulevard; and this area is no
        longer exposed to wave action of the water,
        nor does it afford any protection from wave
        action since the filling in front of the area
        in question (beginning point to 6th Street and

Boulevard) is now filled <u>to the same elevation</u>
<u>as the top of the old wall.</u>

"It is well settled that the Commissioner's
Court has authority to expend funds from the
Permanent Improvement Fund for the maintenance
and beautification of a boulevard built in con-
nection with a seawall so long as said seawall
affords protection from the sea; however, after
such seawall no longer affords any protection
from the sea, can the county continue to expend
the funds for the improvement or maintenance of
the boulevard which was constructed in connection
with such seawall?. . ."

Article XI, Section 7 of the Texas Constitution, pro-
vides in part:

"All counties and cities bordering on the
coast of the Gulf of Mexico are hereby authorized
upon a vote of two-thirds majority of the resident
property taxpayers voting thereon at an election
called for such purpose to levy and collect such
tax for construction of seawalls, breakwaters, or
sanitary purposes, as may now or may hereafter be
authorized by law, and may create a debt for such
works and issue bonds in evidence thereof.  . . ."

Article XI, Section 8 of the Texas Constitution, pro-
vides:

"The counties and cities on the Gulf Coast
being subject to calamitous overflows, and a
very large proportion of the general revenue
being derived from those otherwise prosperous
localities, the Legislature is especially au-
thorized to aid by donation of such portion
of the public domain as may be deemed proper,
and in such mode as may be provided by law,
the construction of wea walls, or breakwaters,
such aid to be proportioned to the extent and
value of the works constructed, or to be con-
structed in any locality."

Article XI, Section 7 and Article XI, Section 8, allow
gulf coast communities to build seawalls in the interest of the
public and clearly establish as their purposes the protection
against floodwaters, increasing state economic wealth, and keeping
ports open for the flow of commerce.  <u>White v. City of Port Arthur</u>,
201 S.W.2d 65 (Tex.Civ.App. 1947).

Originally, the Galveston seawall or breakwater was constructed as authorized by Article XI, Section 7, and Article XI, Section 8, and Articles 6830 and 6831 of Vernon's Civil Statutes. However, Galveston County now has Seawall funds within the Constitutional Permanent Improvement Fund. These permanent improvement funds are now the funds sought to be used for the boulevard in question.

Article VIII, Section 9 of the Texas Constitution, provides in part:

". . .provided further that at the time the Commissioners Court meets to levy the annual tax rate for each county it shall levy whatever tax rate may be needed for the four (4) constitutional purposes; namely, general fund, permanent improvement fund, road and bridge fund, and jury fund. . . ."

Article 6839g, Vernon's Civil Statutes, provides in part:

"Section 1. The Commissioners Court of any county bordering on the coast of the Gulf of Mexico, except Nueces, Kleberg, Kenedy, Jefferson, Orange and Willacy Counties, is hereby authorized to construct breakwaters. Payment for the same shall be made from the Constitutional Permanent Improvement Fund."

Money derived from the sale of bonds or levied taxes allocated to the county's Constitutional Permanent Improvement Fund must be held in trust exclusively for permanent improvements, as the Commissioners Court has no power to levy a tax for one purpose and use the money for another. Ault v. Hill County, 102 Tex. 335, 116 S.W. 359 (1909); Sanders v. Looney, 225 S.W. 280, (Tex.Civ.App. 1920); Carroll v. Williams, 109 Tex. 155, 202 S.W. 504 (1918).

The maintenance of the boulevard in question will constitute the construction of roads rather than permanent improvements under the facts submitted. We, therefore, are in accord with your conclusion that the Commissioners Court of Galveston County is not authorized to expend permanent improvement funds of the County on any construction such as the maintenance of a boulevard erected in connection with a seawall which is no longer an integral part of the seawall project of Galveston County.

## S U M M A R Y

The Commissioners Court of Galveston County is not authorized to expend constitutional permanent improvement funds upon a boulevard erected in connection with a seawall which is no longer an integral part of the seawall project of Galveston County.

Very truly yours,

WAGGONER CARR
Attorney General

By: Gordon Houser
Assistant

GH:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
James Strock
Harold Kennedy
Gordon Cass

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone