

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

October 3, 1967

Hon. Joe Resweber
County Attorney
Harris County
Houston, Texas

Opinion No. M-142

Re: Constitutionality of
and construction of
certain provisions of
House Bill 78, Acts
60th Legislature, Regu-
lar Session, 1967, Chapter
681, Page 1789.

Dear Mr. Resweber:

You have requested our opinion as to whether Harris
County is required to pay fees to the County Clerk of Harris
County in condemnation proceedings brought by Harris County.
All fees collected by the County Clerk are required to be paid
into the County Treasury "for account of the proper fund."
Article XVI, Section 61, Constitution of Texas. Wichita County
vs. Robinson, 155 Tex. 1, 276 S.W.2d 509 (1954). Thus, fees
collected by the County Clerk of Harris County will be deposited
into the Officers Salary Fund of Harris County, a part of the
General Fund of Harris County. Therefore, if Harris County is
required to pay fees, set out in House Bill 78, Acts 60th Legis-
lature, Regular Session, 1967, Chapter 681, Page 1789, Harris
County would be paying to itself such fees.

All county funds are constitutional funds. If only
the General Fund is involved, it would amount to a useless book-
keeping entry in the General Fund. If other constitutional funds
are involved, such payment would amount to an invalid transfer
of constitutional funds. It is well settled in this State that
tax money raised ostensibly for one purpose cannot be used for
another purpose and therefore transfers of constitutional funds
are in violation of Section 9 of Article VIII of the Constitution
of Texas. Carroll vs. Williams, 109 Tex. 155, 202 S.W. 504 (1919);
Ault vs. Hill County, 102 Tex. 335, 116 S.W. 359 (1909); Sanders
vs. Looney, 225 S.W. 280 (Tex.Civ.App., 1920, no writ); Lamon vs.
Fergeson, 213 S.W.2d 86 (Tex.Civ.App., 1948, no writ); First State
Bank and Trust Co. vs. Starr County, 306 S.W.2d 246 (Tex.Civ.App.,
1957, no writ.)

In view of the foregoing, it is our opinion that the
payment of fees in a condemnation proceeding by Harris County to
the Clerk of Harris County would amount to an unconstitutional
transfer of tax monies. Furthermore, such payments amount to

bookkeeping transfers and would require unnecessary time, energy, and labor by various county officials. As you pointed out in your request, in the construction of statutes, it is to be presumed that the Legislature did not intend to require an absurd, foolish, unreasonable or useless thing. Floydada Independent School District vs. Shipley, 238 S.W. 1026 (Tex.Civ.App., 1922, affirmed 250 S.W. 159, 1923). Therefore, you are advised that fees cannot legally be paid to the County Clerk of Harris County by Harris County.

With regard to other governmental agencies in condemnation proceedings, we agree with you that it is established that a condemnation, in its initial stage, is not a cause, action, or suit in a Court, but is an administrative proceeding. Henderson vs. Turnpike Authority, 308 S.W.2d 199 (Tex.Civ.App., 1957, error ref.); Denton County vs. Brammer, 361 S.W.2d 198 (Tex.Sup. 1962). Therefore, fees which are payable by other condemnors are not payable until an objection is filed by the condemnor or a judgment is entered.

### S U M M A R Y

Fees cannot be paid by a county to its own County Clerk. In condemnation proceedings where the condemnor is other than the county in which the condemnation proceeding is filed, fees payable by a condemnor other than the county are not due and payable until an objection is filed by the condemnor or a judgment is entered.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
Pat Bailey
John Grace
Sam Kelly

Hon. Joe Resweber, page 3(M-142)


A. J. Carubbi, Jr.
Staff Legal Assistant